■ LOWVILLE PRODUCER'S DAIRY COOPERATIVE, INC., Respondent, v AMERICAN MOTORISTS INSURANCE COMPANY, Appellant. [604 NYS2d 421] —Judgment unanimously reversed on the law with costs and judgment granted in accordance with the following Memorandum: Plaintiff, a cooperative association of dairy farmers, was an exclusive supplier of milk to a cheese manufacturing plant operated by Kraft Foods. On December 11, 1987, plaintiff made six deliveries in its usual manner, with plaintiff's drivers first collecting milk from plaintiff's members, then delivering the milk to Kraft by pumping it from plaintiff's trucks into Kraft's silo. After the sixth tank truck was emptied into the silo, a dead mouse was found trapped in a filter in the hose leading from that truck to the silo. Exercising its prerogatives under the supply contract, by which plaintiff had guaranteed that all milk delivered to Kraft would comply with "quality standards", Kraft determined that all the milk in the silo was contaminated and rejected all the milk delivered that day. Plaintiff agreed to dispose of the contaminated milk by siphoning it from the silo and dumping it at a cost of $529, and to compensate Kraft for its loss by granting Kraft a $20,903.51 credit on its account, representing the value of the six truckloads of milk.

Plaintiff sought reimbursement from defendant under its "comprehensive general liability insurance" policy. Defendant agreed to cover plaintiff's expenditure of $529 for disposal of the milk, but disclaimed coverage for the loss of the milk itself. Defendant based its disclaimer on Exclusion N of the policy, which provides, "This insurance does not apply * * * to property damage to the named insured's products arising out of such products or any part of such products". The definitional section of the policy provides, in pertinent part,

" 'Named Insured's products' means goods or products manufactured, sold, handled or distributed by the Named Insured".

Plaintiff commenced this action seeking a declaration that defendant is required to reimburse plaintiff for its payment to Kraft for the loss of the contaminated milk. Plaintiff alleges that Exclusion N does not apply because "the damage for which plaintiff was legally obligated to pay was the property of Kraft, Inc., and not property of plaintiff". On that basis, plaintiff moved to dismiss defendant's fifth affirmative defense, which is based on Exclusion N, and for summary judgment declaring that the loss is covered. Defendant cross-moved for summary judgment dismissing the complaint on the ground that the loss was excluded from coverage.

Holding that Exclusion N of the policy was ambiguous and that it should be construed against the insurer, and further holding that title had passed to Kraft at the time of the occurrence, Supreme Court concluded that Exclusion N did not apply. Granting plaintiff's motion for summary judgment in part and denying defendant's cross motion, the court made a declaration to that effect and sustained the complaint. The court concluded, however, that there must be a trial of any question of fact raised in connection with defendant's remaining affirmative defenses.

On defendant's appeal, we conclude that Exclusion N applies and that defendant properly disclaimed coverage. First, we disagree that the exclusion is ambiguous. It has long been a standard exclusion in a business liability policy, is well understood by lawyers and businesspersons alike, and has been consistently construed by numerous courts (see, Weedo v Stone-E-Brick, Inc., 81 NJ 233, 242-250, 405 A2d 788, 793-796). Interpreting the plain language of the exclusion, we conclude that it excludes coverage for plaintiff's loss. That loss was for "property damage to the Named Insured's product". The milk unquestionably was "goods or product manufactured, sold, handled or distributed by the Named Insured". Passage of title to the milk is irrelevant, as evidenced by the policy's definition of "Named Insured's products" as including goods or products "sold" by the insured. Whether an item is one's product has nothing to do with whether it remains one's property, and the court erred in treating the concepts of production and ownership as the same (see, J.G.A. Constr. Corp. v Charter Oak Fire Ins. Co., 66 AD2d 315, 319, lv denied 47 NY2d 707 [public school building held to be general contractor's "product"]).

The court found that defendant's interpretation of the ex-

clusion was untenable because it was "inconsistent" for defendant to indemnify plaintiff for the $529 cost of disposing of the milk, but not the approximately $21,000 worth of the contaminated milk itself. We disagree. The $21,000 credit represented the excluded loss directly resulting from damage to the insured's own product. The $529 cost of removal of the milk, in contrast, represented a covered loss to other property, namely, Kraft's silo, which was contaminated and rendered useless for Kraft's business purpose for as long as it contained contaminated milk *(cf., Apache Foam Prods. Div. v Continental Ins. Co.,* 139 AD2d 933, 934).

The underlying purpose of Exclusion N is furthered by defendant's interpretation but would be defeated by plaintiff's. Exclusion N is intended to exclude coverage for damage to the insured's product, but not for damage caused by the insured's product to persons or property other than the insured's own product (2 Long, Law of Liability Insurance § 11.09 [2], at 11-85 [1993]; *see also,* Henderson, *Insurance Protection for Products Liability and Completed Operations—What Every Lawyer Should Know,* 50 Neb L Rev 415, 441). The policy was clearly intended to cover the possibility that the insured's product, once sold, would cause bodily injury or damage to property other than the product itself *(cf., Zandri Constr. Co. v Firemen's Ins. Co.,* 81 AD2d 106, 109, *affd sub nom. Zandri Constr. Co. v Stanley H. Calkins, Inc.,* 54 NY2d 999, 1001). The risk that the insured would be required to make good on its warranty of quality was a contractual or commercial risk that defendant did not intend to insure *(cf., Village of Newark v Pepco Contrs.,* 99 AD2d 661, 662, *affd* 62 NY2d 772; *Zandri Constr. Co. v Stanley H. Calkins, Inc., supra).* It is a liability policy, not a performance bond *(see, J.G.A. Constr. Corp. v Charter Oak Fire Ins. Co., supra,* at 319).

In accordance with the foregoing, we reverse the judgment in its entirety. We grant defendant judgment declaring that Exclusion N applies, that the loss is not covered under the policy and that defendant is not obligated to indemnify plaintiff. The remainder of defendant's affirmative defenses are moot and there is nothing left to be tried. (Appeal from Judgment of Supreme Court, Lewis County, Parker, J.—Summary Judgment.) Present—Denman, P. J., Green, Lawton, Fallon and Boehm, JJ.