SUMMARY ORDER

Plaintiff-Appellant Tradin Organics USA, Inc. (“Tradin”) appeals from a judgment and order of the United States District Court for the Southern District of New York (Pauley, J.) denying its summary judgment motion and granting summary judgment to Defendant-Appellant Maryland Casualty Company (“Maryland”). We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues on appeal.
‘We review de novo the district court’s grant of summary judgment, drawing all factual inferences in favor of the nonmoving party.” Paneccasio v. Unisource Worldwide, Inc., 532 F.3d 101, 107 (2d Cir.2008).
Exclusions like the “Your Product” exclusion here are “intended to exclude coverage for damage to the insured’s product, but not for damage caused by the insured’s product to persons or property other than the insured’s own product.” Lowville Producer’s Dairy Coop. v. Am. Motorists Ins. Co., 198 A.D.2d 851, 853, 604 N.Y.S.2d 421, 422 (4th Dep’t 1993); see also Hartog Rahal P’ship v. Am. Motorists Ins. Co., 359 F.Supp.2d 331, 333 (S.D.N.Y.2005). As such, “[t]he risk that [Tradin] would be required to make good on its warranty of quality was a contractual or commercial risk that [Maryland] did not intend to insure.” Lowville, 198 A.D.2d at 853, 604 N.Y.S.2d at 423. The policy provided by Maryland was “a liability policy, not a performance bond.” Id. Because Tradin’s claim was based on damage to Tradin’s product—a risk specifically excluded by the “Your Product” provision—Maryland properly denied coverage of the claim.
“Exclusions in policies of insurance must be read seriatim, not cumulatively, and if any one exclusion applies there can be no coverage since no one exclusion can be regarded as inconsistent with another.” Zandri Constr. Co. v. Firemen’s Ins. Co. of Newark, 81 A.D.2d 106, 109, 440 N.Y.S.2d 353, 356 (3d Dep’t 1981) (citation omitted).
Since the ‘Your Product” exclusion clearly applied to bar coverage of Tradin’s claim, it is irrelevant whether the ‘Your Work” exclusion—and/or its exception— also applied. Coverage was already barred, the “Your Work” exclusion did not create an affirmative grant of coverage, and there was no ambiguity as to the contractual language.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.