■ 44TH HOTEL ASSOCIATES, Doing Business as ROYALTON HOTEL, Respondent, v ZURICH INSURANCE COMPANY et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Harold Tompkins, J.), entered on or about October 26, 1990, which *inter alia* granted plaintiff's motion for summary judgment, and declared that defendants shall defend and indemnify plaintiff in the underlying action, *Sereni v 44th Hotel Assocs.* (Sup Ct, NY County Index No. 9883) to the extent of any damages arising solely from defamation allegations, unanimously reversed, on the law, with costs, defendants' motion for summary judgment is granted, and a declaration entered that defendants are not obligated to defend or indemnify plaintiff in the underlying *Sereni* action.

Gia Sereni, an employee of the plaintiff Royalton Hotel, commenced an action alleging that the hotel humiliated her by dismissing her in a condescending manner, in front of fellow employees, for the stated reasons that she was "not working out" and "not following orders." Sereni claimed that her dismissal was based upon her refusal to follow discriminatory practices of the hotel. Defendant refused to indemnify or defend the hotel, claiming no coverage under its insurance policy, and the hotel commenced this declaratory judgment action to determine the rights of the parties.

It is well settled that the duty of an insurer to defend is broader than the obligation to indemnify *(Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304). It is equally well settled that a liability insurer's duty to defend a suit against its insured is determined by comparing the allegations in the complaint with the terms of the policy. If such examination reveals that there is no reasonable possibility that the insured will be held liable for some act or omission covered by the policy, then no duty to defend is owed, and the insurer's motion for summary judgment should be granted *(Meyers & Sons Corp. v Zurich Am. Ins. Group,* 74 NY2d 298, 302).

We have compared the complaint with the terms of the policy and perceive no reasonable possibility that the hotel might be held liable for defamation or disparagement of a person's services, which are included in the categories of claims for which the policy provides coverage. Accordingly the

defendants' motion for summary judgment should have been granted, and a declaration entered that defendants are not obligated to defend or indemnify the Royalton Hotel in the underlying *Sereni* action. Concur—Sullivan, J. P., Carro, Rosenberger, Ross and Smith, JJ.