■ URBAN RESOURCE INSTITUTE, INC., Doing Business as URBAN WOMEN'S SHELTER, Respondent, v NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant. [594 NYS2d 261] — Amended order, Supreme Court, New York County (Stuart C. Cohen, J.), entered September 14, 1992, which, *inter alia,* granted plaintiff's motion for summary judgment declaring that defendant is under an obligation to defend and indemnify plaintiff in the personal injury action entitled *Epps v City of New York,* directed defendant to provide a defense and trial counsel to plaintiff and to indemnify it for any adverse judgment in the *Epps* action, relieved plaintiff's attorneys in the trial of the *Epps* action, and directed defendant to reimburse plaintiff for any and all legal costs incurred in the defense of the *Epps* action, unanimously affirmed, without costs.

Order of the same court, entered August 28, 1992, unanimously affirmed, insofar as it denied renewal and the appeal therefrom unanimously dismissed insofar as it denied reargument.

Appeal from the order of the same court, entered July 29, 1992, unanimously dismissed as subsumed in the appeal from the amended order.

Given the minor nature of the injuries allegedly sustained on plaintiff-insured's premises by the infant plaintiff in the *Epps* action, the manner in which the injury occurred, and the medical treatment received *(see, Kelly v Nationwide Mut. Ins. Co.,* 174 AD2d 481), the circumstances did not reasonably suggest the possibility of a claim until plaintiff received notice of the *Epps* action brought against the City of New York. It was at that point that notice of the occurrence was given "as

soon as practicable" within the meaning of the policy *(see, Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 19-20). Once it was determined that defendant was in breach of its obligation to defend and indemnify plaintiff, the relief granted in the amended order, directing defendant to provide plaintiff with a defense in the *Epps* action and to reimburse plaintiff for any and all legal costs incurred in defending that action, was appropriate *(see, 44th Hotel Assocs. v Zurich Ins. Co.,* 174 AD2d 475; *Muhlstock & Co. v American Home Assur. Co.,* 117 AD2d 117, 126).

We have reviewed defendant's remaining contentions and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Kupferman and Ross, JJ.