■ A. WALKER BINGHAM, III, et al., Respondents, v ATLANTIC MUTUAL INSURANCE COMPANY, Appellant. [626 NYS2d 807] —Order of the Supreme Court, New York County (Carol Arber, J.), entered on or about September 1, 1994, which, inter alia, granted plaintiffs' application for summary judgment declaring that defendant Atlantic Mutual Insurance Company is obligated to defend plaintiffs against certain counterclaims in a separate action, and which denied defendant's motion for summary judgment, unanimously reversed, on the law, without costs, plaintiffs' application denied, defendant's motion for summary judgment granted, and defendant adjudged not to be obligated to indemnify plaintiffs or to provide them with a defense.

This litigation arises out of the allegation by one Catherine

Struve that in 1953 she was raped by plaintiff A. Walker Bingham, III. By her own admission, they had a relationship, which she thought would lead to marriage, that lasted "several years" until she was "dropped * * * without preamble or goodbye and in dire circumstances". In Mr. Bingham's recollection, Ms. Struve was "the one who terminated our relationship in a very abrupt and unkind manner." In any event, it is clear from documentation contained in the record that, in spite of numerous periods of psychotherapy over the years, the subject of the rape never arose until November 1989, when she contacted the Victim Services Agency.

The underlying defamation action was prompted by "repeated oral and written communications * * * to plaintiffs' family members, business associates, neighbors, and former colleagues" containing the uncorroborated allegation of rape (*Bingham v Struve*, 184 AD2d 85, 87 [Per Curiam]). In this action, plaintiffs seek to compel defendant to provide a defense to Ms. Struve's counterclaims—alleging blackmail, a death threat and malicious prosecution—under its personal liability policy, designated the "Atlantic Master Plan".

The counterclaims, which clearly allege intentional torts, were construed by Supreme Court to state a claim for mental anguish. The subject insurance policy includes mental anguish within its definition of "bodily injury" and excludes from coverage bodily injury resulting from "an accident an insured person expected or intended to happen." An intended accident is, of course, an oxymoron. Supreme Court interpreted this unartful draftsmanship as excluding only "intended or expected injuries/losses[;] unintended injuries/losses are still covered." The court concluded, "Given the Binghams' claim that they did not intend to injure Struve, [the insurer] has a duty to defend under the Plan."

While the duty of an insurer to provide its insured with a defense is broader than its obligation to indemnify the insured for a resultant loss, an exclusion will not be ignored "[m]erely because the insured might be found liable under a distinct theory of recovery" (*New Hampshire Ins. Co. v Jefferson Ins. Co.*, 213 AD2d 325, 328). That allegations of mental suffering can be based on both intentional and unintentional causes of action is not dispositive; what is material to the duty to defend is that the acts alleged in the counterclaims are all intentional. Awkward draftsmanship aside, the insurer is entitled to rely on the exclusion as a matter of contract law. Reading the document as a whole, the contested provision must be construed to exclude the consequences of intentional

acts *(Ruggerio v Aetna Life & Cas. Co.,* 107 AD2d 744, 745), and defendant cannot be compelled to defend plaintiffs against the acts alleged in the counterclaims. Concur—Sullivan, J. P., Ellerin, Rubin, Williams and Tom, JJ.