B.H. SMITH, INC., Plaintiff-Appellee, v. ZURICH INSURANCE COMPANY, Defendant-Appellant.

First District (3rd Division) No. 1—95—2064

Opinion filed November 27, 1996.

French, Kezelis & Kominiarek, P.C., of Chicago (Robert A. Kezelis and Julie A. Neidhardt, of counsel), and Siff Rosen, P.C., of New York, New York (Ignatius J. Melito and S. Dwight Stephens, of counsel), for appellant.

Neal, Gerber & Eisenberg, of Chicago (James K. Gardner and David A. Eide, of counsel), for appellee.

JUSTICE GALLAGHER delivered the opinion of the court:

This appeal arises out of an insurance coverage dispute between plaintiff, B.H. Smith, Inc. (Smith), and defendant, Zurich Insurance Company (Zurich). Zurich appeals from trial court orders granting summary judgment in favor of Smith, denying Zurich's motion for summary judgment and entering judgment against Zurich in the amount of $384,190.84. On appeal, Zurich contends that the trial court erred in finding that an underlying complaint alleging trademark infringement and unfair competition triggered Zurich's duty to defend and indemnify Smith under its advertising injury coverage. We affirm.

Smith imports women's handbags and accessories and sells such items to retailers. Smith is insured under a commercial general liability policy issued by Zurich. The relevant portions of the insurance policy provide:

"1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal injury' or 'advertising injury' to which the insurance applies ***. We will have the right and duty to defend any 'suit' seeking those damages."

The policy defines "advertising injury" as:

"1. Injury arising out of one or more of the following offenses:

a. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services.

b. Oral or written publication of material that violates a person's right of privacy.

c. Misappropriation of advertising ideas or style of doing business.

d. Infringement of copyright, title or slogan."

The policy provides further:

"b.

This insurance applies to:

* * *

(2) 'Advertising injury' caused by an offense committed in the course of advertising your goods, products or services; but only if the offense was committed in the 'coverage territory' during the policy period."

In March 1992, Liz Claiborne, Inc. (Claiborne), filed an action against Smith in the United States District Court for the Southern District of New York alleging that Smith was selling counterfeit Claiborne products (the Claiborne action). Claiborne's complaint asserted two causes of action: (1) federal trademark infringement under section 43(a) of the Lanham Act (15 U.S.C. § 1051 *et seq.* (1994)); and (2) unfair competition under New York common law. When Smith informed Zurich of the Claiborne action, Zurich disclaimed coverage.

Smith eventually paid Claiborne $50,000 to settle the action. The Claiborne action was dismissed pursuant to a stipulation and order of dismissal on February 24, 1993. Smith instituted this declaratory judgment action in the circuit court of Cook County. The parties filed cross-motions for summary judgment and the trial court ruled in favor of Smith, entering judgment against Zurich in the amount of $384,190.84; $50,000 for the cost of settlement and $334,190.84 for legal defense costs. It is from this judgment that Zurich now appeals.

■ ■ Choice of law is not an issue before us on appeal. The parties agree that New York law governs this dispute. Therefore, we apply New York law to resolve this appeal. Under New York law, an insurer's duty to defend is triggered by the filing of a complaint

containing allegations that could bring the action within the scope of coverage provided by the insurance policy. *Seaboard Surety Co. v. Gillette Co.*, 64 N.Y.2d 304, 310, 476 N.E.2d 272, 275, 486 N.Y.S.2d 873, 876 (1984). To determine whether an insurer has a duty to defend, the allegations of the underlying complaint must be compared to the language of the insurance policy. The court must examine the entire policy to determine its purpose and the intent of the parties. *A. Meyers & Sons Corp. v. Zurich American Insurance Group*, 74 N.Y.2d 298, 302-03, 545 N.E.2d 1206, 1208, 546 N.Y.S.2d 818, 820 (1989).

■ Zurich first contends that its duty to defend Smith was not triggered by the Claiborne complaint because Claiborne did not allege an "advertising injury" as defined by Zurich's insurance policy. The policy in this case states that it covers advertising injuries caused by an offense (as defined in the policy) committed in the course of advertising the insured's goods, products or services. Therefore, Zurich's duty to defend in this case is triggered only if the Claiborne action alleges an injury that (1) constitutes one of the enumerated offenses and (2) occurred in the course of Smith advertising its goods. We find that, under New York law, Zurich's duty to defend was triggered in this case because the Claiborne complaint alleged an injury constituting an enumerated offense that occurred in the course of Smith's advertising activities.

The Claiborne complaint alleges trademark infringement and unfair competition based on trademark infringement. The Zurich policy does not specifically name trademark infringement as an offense covered by the policy. Nevertheless, we agree with Smith's contention that trademark infringement is covered under the offense of "misappropriation of style of doing business" and is therefore an enumerated offense under the policy. Smith copied Claiborne's style of doing business because it sold handbags that were strikingly similar to Claiborne's. Federal courts applying New York law have likewise concluded that the misuse of another's trademark constitutes misappropriation of style of doing business. See *J.A. Brundage Plumbing & Roto-Rooter, Inc. v. Massachusetts Bay Insurance Co.*, 818 F. Supp. 553, 557 (W.D.N.Y. 1993), *vacated because of settlement*, 153 F.R.D. 36 (W.D.N.Y. 1994); *Ben Berger & Son, Inc. v. American Motorist Insurance Co.*, 36 U.S.P.Q.2d 1105 (S.D.N.Y. 1995).

Based on the most recent pronouncement of New York law, we also find that the Claiborne complaint alleged an injury that occurred in the course of Smith advertising its goods. In *Massachusetts Bay Insurance Co. v. Penny Preville, Inc.*, No. 95 Civ. 4845 (S.D.N.Y., July 10, 1996), the district court, applying its view of New York law,

broadly defined the scope of advertising activities sufficient to trigger an insurer's duty to defend under an advertising injury insurance policy. In that factually similar case, the plaintiff in the underlying lawsuit alleged trade dress and copyright infringement based on defendant's actions in selling imitations of plaintiff's line of jewelry. Interpreting policy language similar to that in the Zurich policy, the court concluded the course-of-advertising requirement was satisfied. The court held that, where a complaint alleges that the advertisement of a knock-off product results in harm from the sale of such product, "it would be artificial to deny coverage by constructing a distinction between the injuries arising from the manufacture and sale of infringing goods and injuries arising from the marketing of these same goods by means of display or advertisement of the goods." *Penny Preville*, slip op. at 7.

In the case at bar, the Claiborne complaint states:

> "Attached hereto as Exhibit F are photographs of representative products from plaintiff's CANYON ROAD line of bags. Attached hereto as Exhibit G is a line sheet distributed by defendant which reflects direct knock-offs of several of plaintiff's CANYON ROAD products. Upon information and belief, defendant's products depicted in Exhibit G have already been sold to retail store customers, including customers of plaintiff, but have not yet been shipped to the stores."

The line sheet referenced as exhibit G depicts defendant's imitation products and lists the price of the products. Furthermore, the Claiborne complaint alleges sales based on the use of the line sheet, which resulted in harm to plaintiff. Thus, under *Penny Preville*, we conclude that the Claiborne complaint alleges an offense committed during the course of advertising. Our conclusion is based strictly on New York law. The question of whether coverage for what is tantamount to misappropriation of commercial property is against public policy is not the issue presented. Whether Illinois public policy would dictate a different result in this case is therefore not before this court.

New York law broadly interprets "advertising injury" to include the marketing, however incidental, and sale of knock-off goods. The line sheet attached to Claiborne's complaint as exhibit G advertises Smith's goods for sale, though not very clearly or blatantly. Given the nature of Smith's business, that is probably to be expected. Accordingly, based on the facts of this case and the application of New York law, the bare allegation of marketing of handbags contained in the Claiborne complaint and the attachment of a line sheet are sufficient to trigger coverage.

Finally, Zurich argues that it had no duty to defend Smith because its policy only obligates Zurich to defend suits seeking money damages and the Claiborne action seeks only injunctive relief. We disagree. Although each of Claiborne's two causes of action states that Claiborne "has no adequate remedy at law," the complaint also prays for "such other and further relief as [the] Court may deem just and proper." Furthermore, the complaint states a cause of action under section 43(a) of the Lanham Act for which compensatory damages are available. See *Gillette Co. v. Wilkinson Sword, Inc.*, 795 F. Supp. 662 (S.D.N.Y. 1992). If Claiborne succeeded in proving it was entitled to equitable relief, the court still could have awarded Claiborne money damages. As explained by the New York Court of Appeals:

> "If [a plaintiff] succeeds in proving that he is entitled to equitable relief, equity may grant damages in addition to or as an incident of some other special equitable relief or, where the granting of equitable relief appears to be impossible or impracticable, equity may award damages in lieu of the desired equitable remedy."
> *Doyle v. Allstate Insurance Co.*, 1 N.Y.2d 439, 443, 136 N.E.2d 484, 486, 154 N.Y.S.2d 10, 13 (1956).

Thus, Zurich's argument that Claiborne's prayer for equitable relief precluded Zurich from having to defend Smith in the Claiborne action is misguided.

For the reasons set forth above, the order of the trial court granting summary judgment in favor of Smith and against Zurich is affirmed and the order entering judgment against Zurich for $384,190.84 is affirmed.

Affirmed.

TULLY, P.J., and GREIMAN, J., concur.