■ SIMPLY LITE FOOD CORP. et al., Respondents, v AETNA CASUALTY AND SURETY COMPANY OF AMERICA, Appellant. [666 NYS2d 714] —In an action for a judgment declaring that the defendant has a duty to defend and indemnify the plaintiffs in an action entitled *Sorbee Intl., Ltd. v Simply Lite Corp.*, pending in the United States District Court for the Eastern District of New York, Case No. CV 95-0504, the defendant appeals from an order of the Supreme Court, Nassau County (Winick, J.), dated November 26, 1996, which, *inter alia,* granted the plaintiffs' motion for summary judgment with respect to the defendant's duty to defend.

Ordered that the order is affirmed, with costs.

The appellant entered into two contracts with the plaintiffs to provide primary and excess liability coverage for personal or advertising injury arising out of "[o]ral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services". It disclaimed coverage in the underlying action on the ground that the allegations of the complaint fell within the contracts' exclusions for advertising injury "arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity".

The underlying action arises from the plaintiffs' publication of a letter which allegedly disparaged the products of Sorbee International, Ltd. The complaint in the underlying action alleges fraudulent intent, but also alleges violations of General Business Law §§ 349 and 350, which do not require proof of intentional or even reckless conduct (*see, Matter of Allstate Ins. Co. v Foschio,* 93 AD2d 328; *Geismer v Abraham & Straus,* 109 Misc 2d 495). Further, there is sworn testimony in the record indicating that the plaintiffs published the letter without knowledge of its falsity.

Since the appellant may be obligated to indemnify the plaintiffs for at least some of the causes of action asserted in the complaint in the underlying action, it must defend the plaintiffs on all of the causes of action asserted therein (*see, Fitzpatrick v American Honda Motor Co.,* 78 NY2d 61, 66; *Spodek v Liberty Mut. Ins. Co.,* 155 AD2d 439). Bracken, J. P., Thompson, Goldstein and Lerner, JJ., concur.