■ PG INSURANCE COMPANY OF NEW YORK, Respondent, v S.A. DAY MANUFACTURING COMPANY, INC., Appellant, et al., Defendants. [674 NYS2d 199] —Judgment insofar as appealed from unanimously reversed on the law without costs and judgment granted April 22, 1997 reinstated. Memorandum: Supreme Court erred in granting judgment in favor of plaintiff, PG Insurance Company of New York (PG Insurance), upon renewal, declaring that it is not obligated to defend or indemnify defendant The S.A. Day Manufacturing Company, Inc. (S.A. Day), in an action commenced against it in the United States District Court for the Western District of New York by defendants Alcan International Limited (Alcan) and Solvay Performance Chemicals, a Division of Solvay Specialty Chemicals, Inc. (Solvay), for alleged false advertising and deceptive business practices in violation of the Lanham Act (15 USC § 1125 [a] [1]) and General Business Law §§ 349 and 350.

At all relevant times, S.A. Day was insured under a commercial package policy of insurance that included coverage for " '[a]dvertising injury' caused by an offense committed in the course of advertising your goods products or services". In addition, the policy obligated PG Insurance to provide a defense to S.A. Day in any "suit" seeking damages for advertising injury. The policy also contained an exclusion for advertising injury "[a]rising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity".

After being sued in the underlying Federal action, S.A. Day requested that PG Insurance provide a defense, indemnification and coverage. PG Insurance refused to provide a defense and disclaimed coverage, relying on the policy exclusion. Thereafter, PG Insurance commenced this action seeking a judgment declaring that it was not obligated to defend and indemnify S.A. Day in the underlying Federal action because the allegations of the complaint in that action alleged only intentional and knowing misconduct on the part of S.A. Day. S.A. Day asserted that PG Insurance was obligated to defend it because, notwithstanding the allegations of the complaint in the underlying Federal action, Alcan and Solvay indicated that they no longer believed that S.A. Day intentionally and knowingly made false statements. Moreover, S.A. Day asserted that intentional conduct was not an element of the causes of action of the complaint in the underlying action, but was relevant on the issue of damages only. The court originally granted judgment in favor of S.A. Day declaring that PG Insurance was obligated to defend S.A. Day but subsequently granted PG Insurance's motion to renew and, upon renewal, vacated its prior judgment (denominated order and judgment) and granted judgment in favor of PG Insurance.

S.A. Day is entitled to judgment declaring that PG Insurance had a duty to defend it in the underlying Federal action because there is a " 'reasonable possibility that the insured may be held liable for some act or omission covered by the policy' " (*Fitzpatrick v American Honda Motor Co.,* 78 NY2d 61, 70). S.A. Day may be liable to Alcan and Solvay pursuant to the Lanham Act and the General Business Law in the underlying action without a showing of intentional or knowing conduct on its part. Whether S.A. Day engaged in intentional or knowing conduct is relevant on the issue of damages only and not liability. We reject the contention of PG Insurance that the affidavit of Alcan and Solvay's attorney purporting to waive any claims based upon unintentional conduct is binding upon his

clients or may be used to defeat S.A. Day's right to a defense. Moreover, even if that waiver were binding on Alcan and Solvay, there is no showing that it is binding on the court in the Federal action. (Appeal from Judgment of Supreme Court, Erie County, Sconiers, J.—Declaratory Judgment.) Present— Pine, J. P., Hayes, Wisner, Balio and Fallon, JJ.