OPINION OF THE COURT
Carol E. Huff, J.
This action is brought by plaintiff for a declaratory judgment that it has no duty to defend or indemnify defendant in another action pending in Federal District Court. Defendant moves, pursuant to CPLR 3212, for partial summary judgment on its first and third counterclaims: (i) declaring that plaintiff has a duty to defend defendant in the Federal action, (ii) finding plaintiff to be in breach of contract because of its failure to defend defendant, (iii) awarding defendant the legal expenses and fees incurred by it in defending the Federal action, and (iv) awarding legal expenses and fees incurred in defending this action.
In or around December 1996, a corporation known as Ty, Inc. (Ty) instituted an action against defendant in the United States District Court for the Northern District of Illinois (Ty, Inc. v GMA Accessories, hereinafter, the Federal Action). The complaint in the Federal Action alleges that defendant infringed upon Ty’s copyright in certain plush animal toys known as “Beanie Babies” by, among other things, manufacturing and selling toys which were substantially similar.
Plaintiff had issued a commercial general liability insurance policy to defendant which was in effect at the time of defendant’s alleged copyright infringement. The policy obligates plaintiff to defend and indemnify defendant against suits seeking damages for certain types of “advertising injury.” Because the complaint in the Federal Action also contained allegations with regard to defendant’s advertising activities, defendant requested plaintiff to defend the Federal Action pursuant to the advertising injury coverage provided by defendant’s insurance policy. When plaintiff refused to do so, defendant commenced an action against plaintiff in the United States District Court for the Southern District of New York (alleging causes of action for breach of contract, fraud, deceit, bad faith, and a *929 declaratory judgment). That action was dismissed on jurisdictional grounds.
Plaintiff commenced this action for a declaratory judgment that it has no duty to defend or indemnify defendant in the Federal Action. Defendant’s answer interposes four counterclaims for (1) breach of contract, (2) fraud, bad faith, and deceit, (3) a declaration that plaintiff has a duty to defend defendant in the Federal Action, and (4) a declaration that plaintiff has a duty to indemnify defendant for damages arising from the Federal Action.
When an insurance policy includes the insurer’s promise to both defend and indemnify the insured against specified claims, the insurer’s duty to defend is broader than its duty to indemnify (Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 310 [1984]). The duty to defend arises when a complaint against the insured alleges any facts or grounds which fall within the policy’s coverage, even if those allegations are false or groundless (see, supra). In order to determine whether an insurer has a duty to defend in a particular case, therefore, the court must compare the allegations of the complaint to the terms of the policy (see, Meyers & Sons Corp. v Zurich Am. Ins. Group, 74 NY2d 298, 302-303 [1989]).
The relevant portions of the insurance policy in this case are as follows:
“SECTION I — COVERAGES * * *
“1. Insuring Agreement.
“a. We will pay those sums that the insured becomes legally obligated to pay as damages because of * * * ‘advertising injury’ to which this insurance applies. We will have the right and duty to defend the insured against any ‘suit’ seeking those damages. However, we will have no duty to defend the insured against any ‘suit’ seeking damages for * * * ‘advertising injury' to which this insurance does not apply* * *
“b. This insurance applies to * * *
“(2) ‘Advertising injury’ caused by an offense committed in the course of advertising your goods, products or services * * *
“SECTION V — DEFINITIONS
“1. ‘Advertising injury’ means injury arising out of one or more of the following offenses * * *
“d. Infringement of copyright, title or slogan.”
In order to trigger plaintiffs duty to defend under the policy, the injury alleged in the Federal Action must both (1) *930 have been caused by an offense committed by defendant “in the course of advertising [its] goods, products or services”, and (2) constitute one of the offenses enumerated in the policy’s definition of “advertising injury” (see, Meyers & Sons Corp. v Zurich Am. Ins. Group, supra, at 303 [construing substantially similar policy provisions]; see also, Energex Sys. Corp. v Fireman’s Fund Ins. Co., 1997 WL 358007, 1, 3, 1997 US Dist LEXIS 8894, *1, 7 [US Dist Ct, SD NY, June 25, 1997, Martin, J.] [applying New York law]; Massachusetts Bay Ins. Co. v Penny Preville, Inc., 1996 WL 389266, 6, 1996 US Dist LEXIS 9671, *15 [US Dist Ct, SD NY, July 10, 1996, Patterson, J.] [applying New York law]). Since the complaint in the Federal Action alleges a claim for copyright infringement, which is one of the offenses enumerated by the policy, the sole remaining question in determining whether plaintiff has a duty to defend is whether defendant is alleged to have committed that copyright infringement “in the course of advertising [its] goods, products or services.”
The primary thrust of the complaint in the Federal Action is that the defendants in that action infringed upon Ty’s copyright by “manufacturing, importing, distributing, selling, and/or offering for sale” toys which bear a substantial similarity to Ty’s Beanie Babies. But the complaint also alleges that those defendants are “advertising, distributing, and selling the [copyright-infringing toys] throughout the United States”, and that such activities constitute an “unauthorized use” because those defendants are “not licensed by Ty * * * to manufacture, distribute, advertise, sell or offer for sale” the aforementioned products (Federal Action complaint ¶¶ 11, 12 [emphasis added]). These allegations are incorporated by reference in the claim for copyright infringement (id. ¶ 14).
The complaint’s prayer for relief requests, inter alia, that (1) “pursuant to 17 U.S.C. § 502, Defendants * * * be temporarily * * * and permanently enjoined from reproducing, copying, displaying, advertising, promoting, importing, selling or offering for sale, or otherwise distributing” the copyright-infringing products, (2) “pursuant to 17 U.S.C. § 503”, the court order the impounding for destruction of the allegedly copyright-infringing products “and all advertisements and promotional literature therefor”, and (3) Ty be awarded monetary relief including “[a] 11 profits received by Defendant[s] from sales and revenues of any kind made as a result of their infringing actions” (Federal Action complaint, prayer for relief ¶¶ B, E, I [1] [emphasis added]).
Sections 502 and 503 of title 17 of the United States Code authorize the use of injunctions and impoundments as reme *931 dies for copyright infringement. By citing those provisions as authority for the Federal District Court to enjoin defendant from advertising its toys and to impound and destroy defendant’s advertisements and promotional literature, Ty is clearly claiming that defendant committed copyright infringement specifically by means of those advertisements and in the course of its advertising activities. The complaint’s prayer for monetary relief seeks damages based upon the profits of the defendants in that action from sales made as a result of their infringing actions including, inter alia, their allegedly infringing advertising activities.
Insurers have been found to have a duty to defend in factually similar cases, even where the complaint was less explicit in alleging that the offense was committed by the insured in the course of its advertising activities (see, e.g., Energex Sys. Corp. v Fireman’s Fund Ins. Co., 1997 WL 358007, 4, 1997 US Dist LEXIS 8894, *9, supra; Massachusetts Bay Ins. Co. v Penny Preville, Inc., 1996 WL 389266, 7, 1996 US Dist LEXIS 9671, *17, supra; Berger & Son v American Motorist Ins. Co., 1995 WL 386560, 4, 1995 US Dist LEXIS 8976, *11 [US Dist Ct, SD NY, June 29, 1995, Chin, J.] [applying New York law]; but see, Jerry Madison Enters. v Grasant Mfg. Co., 1990 WL 13290, 4, 1990 US Dist LEXIS 1649, *10-11 [US Dist Ct, SD NY, Feb. 14, 1990, Mukasey, J.]).
The fact that Ty’s complaint consists primarily of claims of copyright infringement by means of manufacturing, distributing, or selling rather than by advertising does not relieve plaintiff of its duty to defend against the entire suit. Rather, an insurer must defend against an entire action even if only one claim potentially falls within the indemnity coverage of the policy (Energex Sys. Corp. v Fireman’s Fund Ins. Co., supra; see also, Simply Lite Food Corp. v Aetna Cas. & Sur. Co., 245 AD2d 500 [2d Dept 1997]).
Plaintiff contends that it has no duty to defend in the Federal Action because the claims in that action fall within policy exclusions, i.e., that (1) because the infringing acts are alleged to have been willfully and deliberately committed by defendant, the claims fall within the exclusion for advertising injury “[a]rising out of oral or written publication of material * * * done by or at the direction of the insured with knowledge of its falsity,” and (2) because copyright infringement is subject to criminal sanctions, the claims fall within the exclusion for advertising injury “[a]rising out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured” (Xanthakis affirmation ¶ 16; exhibit B, at 4 [emphasis added]). In order to avoid its duty to defend on the basis of an exclusion clause, however, an insurer must estab *932 lish that the allegations of the complaint fall “ ‘solely and entirely” ” within the exclusion (Technicon Elecs. Corp. v American Home Assur. Co., 74 NY2d 66, 73 [1989]). The insurer will be excused from its duty to defend only if it can establish as a matter of law that there is no possible factual or legal basis on which the insurer might eventually be obligated to indemnify the insured (Villa Charlotte Bronte v Commercial Union Ins. Co., 64 NY2d 846, 848 [1985]). Plaintiff has not satisfied those prerequisites in the present case.
The complaint in the Federal Action alleges that, “[u]pon information and belief, after a reasonable opportunity for further investigation or discovery, there is likely to be evidentiary support that said conduct by Defendants was * * * willfully done”, and seeks increased damages on the basis of such willfulness (Bostany affirmation exhibit A ¶ 17; prayer for relief ¶ H). But intent is not a required element of copyright infringement, and the copyright statute clearly distinguishes between acts of infringement which are willful and those which are not (Massachusetts Bay Ins. Co. v Penny Preville, Inc., 1996 WL 389266, 10, 1996 US Dist LEXIS 9671, *29-30, supra; see, e.g., 17 USC § 504 [c] [2]). Since it is possible that defendant may be found liable for copyright infringement in the Federal Action without being found to have acted willfully and knowingly, plaintiff cannot establish that Ty’s infringement claim against defendant falls “solely and entirely” within either one, or both, of the exclusions cited.
Accordingly, plaintiff has a duty to defend defendant in the Federal Action, and plaintiff breached defendant’s insurance policy by failing to provide that defense. Plaintiff is therefore directed to provide defendant with a defense in the Federal Action, and to reimburse defendant for any and all legal costs incurred by it in the defense of that action (see, Urban Resource Inst. v Nationwide Mut. Ins. Co., 191 AD2d 261, 262 [1st Dept 1993]).
Moreover, although an award of costs and attorney fees “may not be had in an affirmative action brought by an [insured] to settle its rights”, such an award is appropriate where the insured “has been cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations” (see, Mighty Midgets v Centennial Ins. Co., 47 NY2d 12, 21 [1979]). Since plaintiff brought this declaratory judgment action seeking to free itself from its policy obligations, defendant is therefore also entitled to recover its reasonable costs and attorney fees incurred in successfully defending this action thus far (see, Illusion Hair Designers v Commercial *933 Union Ins. Cos., 181 AD2d 527 [1st Dept 1992]; U.S. Liab. Ins. Co. v Staten Is. Hosp., 162 AD2d 445, 447 [2d Dept 1990]).
Accordingly, it is hereby ordered that defendant’s motion for partial summary judgment is granted with respect to defendant’s third counterclaim (for a declaratory judgment on plaintiffs duty to defend); and it is further adjudged and declared that GRE Insurance Group is ordered to defend GMA Accessories, Inc., doing business as Capelli of New York, to the extent of the policy limits, in the action entitled Ty, Inc. v GMA Accessories which is pending in the United States District Court for the Northern District of Illinois; and it is further ordered that defendant’s motion for partial judgment on its first counterclaim (for breach of contract) is granted as to liability; and it is further ordered that the issues of (1) the amount of reasonable costs and legal fees expended by defendant in defending the Federal Action, (2) the amount, if any, by which those costs and legal fees should be reduced on account of any expenditures made for the defense of Paul Harris or other defendants in that action which may not be properly chargeable to plaintiff, and (3) the amount of reasonable costs and legal fees expended by defendant to date in defending this action are referred to a Special Referee to hear and report with recommendations, except that, in the event of and upon the filing of a stipulation of the parties, as permitted by CPLR 4317, the Special Referee, or another person designated by the parties to serve as Referee, shall determine the aforesaid issues; and it is further ordered that the branch of defendant’s motion which seeks summary judgment on defendant’s first counterclaim (for breach of contract) is held in abeyance pending receipt of the report and recommendations of the Special Referee and a motion pursuant to CPLR 4403 or receipt of the determination of the Special Referee or the designated Referee; and it is further ordered that a copy of this order with notice of entry shall be served on the Clerk of the Judicial Support Office (room 311) to arrange a date for the reference to a Special Referee; and it is further ordered that the branch of plaintiffs first cause of action which seeks a declaration that it is not required to defend defendant in the Federal Action is dismissed; and it is further ordered that the third counterclaim is severed, and the remainder of the action shall continue.