(February 22, 2000)

■ Allou Health & Beauty Care, Inc., et al., Respondents, v Aetna Casualty and Surety Company et al., Appellants. [703 NYS2d 253] —In an action for a judgment declaring that the defendants are obligated to defend and indemnify the plaintiffs in an underlying action entitled *Nexxus Prods. Co. v Russ Kalvin, Inc.,* pending in the Superior Court of California for Santa Barbara County, under Index No. 201281, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Joseph, J.), dated November 16, 1998, which granted that branch of the plaintiffs' motion which was for summary judgment declaring that the defendants have a duty to defend the plaintiffs in the underlying action, and denied their cross motion for summary judgment declaring that they have no duty to defend or indemnify the plaintiffs in the underlying action, and (2) a judgment of the same court dated December 2, 1998, which made the declaration.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff corporations are involved in the marketing and sale of a line of hair care products known as "Russ Kalvin Generic Brand". These products are lower priced versions of hair care products marketed by companies such as Nexxus Products Company (hereinafter Nexxus), which are normally sold in beauty parlors and salons. In September 1996 Nexxus sued the plaintiff corporations in the Superior Court of California for trademark infringement, trademark dilution, false advertising, unfair competition, and counterfeiting. The California action is

premised upon allegations that the plaintiffs have imitated Nexxus' trademarks and marketed and advertised their products in a manner intended to deceive the public into believing that the plaintiffs' products are manufactured by or associated with Nexxus.

Shortly after they were served with process in the California action, the plaintiffs demanded that the defendants, who issued a liability policy to the plaintiffs, defend and indemnify them pursuant to the "advertising injury" coverage provided by the policy. Although the policy includes "misappropriation of advertising ideas or style of doing business" as a category of "advertising injury", it does not define the terms "advertising ideas" or "style of doing business". After the defendants disclaimed coverage, the plaintiffs commenced this action seeking a judgment declaring that the defendants are required to defend and indemnify the plaintiffs in the underlying California action. The Supreme Court subsequently granted that branch of the plaintiffs' motion which was for summary judgment declaring that the defendants have a duty to defend them in the California action.

On appeal, the defendants contend that the Supreme Court erred in finding that they have a duty to defend the plaintiffs because trademark infringement and related claims are not covered by the "advertising injury" coverage of the policy. The issue of whether trademark infringement can be considered a form of advertising injury, thereby triggering an insurer's duty to defend, has divided the courts which have addressed it (*see, e.g., Callas Enters. v Travelers Indem. Co.,* 193 F3d 952; *Advance Watch Co. v Kemper Natl. Ins. Co.,* 99 F3d 795; *Letro Prods. v Liberty Mut. Ins. Co.,* 114 F3d 1194; *American Employers' Ins. Co. v DeLorme Publ. Co.,* 39 F Supp 2d 64). However, courts which have considered this issue applying New York law have found that trademark infringement claims are covered as advertising injury where they relate to the misappropriation of advertising ideas and style of doing business (*see, Brundage Plumbing & Roto-Rooter v Massachusetts Bay Ins. Co.,* 818 F Supp 553, 559, *vacated as a result of settlement* 153 FRD 36; *Energex Sys. Corp. v Fireman's Fund Ins. Co.,* 1997 WL 358007 [SD NY, June 25, 1997, Martin J.]; *Massachusetts Bay Ins. Co. v Penny Preville, Inc.* [SD NY, July 10, 1996, Patterson, J.]; *Berger & Son v American Motorist Ins. Co.,* 1995 WL 386560 [SD NY, June 29, 1995, Chin, J.]; *B.H. Smith, Inc. v Zurich Ins. Co.,* 285 Ill App 3d 536, 676 NE2d 221 [resolving dispute under New York law]).

In New York, insurers have a broad duty to defend an

insured whenever a complaint alleges any facts or grounds which bring the action within the scope of the risks undertaken by the insurer (*see, Meyers & Sons Corp. v Zurich Am. Ins. Group,* 74 NY2d 298, 302; *Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 310). In construing an insurance policy to determine the scope of coverage, courts apply the test of common speech and focus on the reasonable expectations of the average insured (*see, Matter of Mostow v State Farm Ins. Cos.,* 88 NY2d 321; *Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.,* 60 NY2d 390, 398). Moreover, "[w]here there is ambiguity as to the existence of coverage, doubt is to be resolved in favor of the insured and against the insurer" (*Handelsman v Sea Ins. Co.,* 85 NY2d 96, 101).

Guided by these principles, the courts which have considered this issue under New York law have concluded that the phrase "misappropriation of advertising ideas or style of doing business" should be defined " 'as it would ordinarily be understood by laypersons' " (*Energex Sys. Corp. v Fireman's Fund Ins. Co.,* 1997 WL 358007, * 2, *supra; Massachusetts Bay Ins. Co. v Penny Preville, Inc., supra*). Viewed from this perspective, these courts have concluded that "misappropriation of advertising ideas or style of doing business" encompasses the wrongful taking of the manner by which another advertises its goods or services, including the misuse of another's trademark, and have rejected the view that this category of advertising injury is narrowly limited to common-law misappropriation actions (*see, Brundage Plumbing & Roto-Rooter v Massachusetts Bay Ins. Co., supra; Energex Sys. Corp. v Fireman's Fund Ins. Co., supra; Massachusetts Bay Ins. Co. v Penny Preville, Inc., supra; Berger & Son v American Motorist Ins. Co., supra; B.H. Smith, Inc. v Zurich Ins. Co., supra*). We agree that the ordinary meaning of the phrase "misappropriation of advertising ideas or style of doing business" can include the alleged misuse of another's trademark. Moreover, contrary to the defendants' contention, there is a sufficient causal connection between the injury alleged in the underlying action and the plaintiffs' advertising activities to afford coverage under the policy (*cf., Meyers & Sons Corp. v Zurich Am. Ins. Group, supra*). Accordingly, we find that the Supreme Court properly declared that the defendants are obligated to defend the plaintiffs in the underlying California action.

The defendants' remaining arguments are without merit. Bracken, J. P., Thompson, Sullivan and Krausman, JJ., concur.