■ A.J. SHEEPSKIN AND LEATHER CO., INC., Appellant, v CoLONIA INSURANCE COMPANY, Respondent. [709 NYS2d 82] —Order, Supreme Court, New York County (Paula Omansky, J.), entered March 11, 1999, which, *inter alia*, denied plaintiff's cross motion for summary judgment and, upon a search of the record, granted defendant insurer summary judgment dismissing the complaint, unanimously modified, on the law, to declare in defendant's favor that it has no obligation to defend or indemnify plaintiff in the underlying action, and otherwise affirmed, with costs to defendant.

The motion court correctly found that defendant insurer was under no duty to defend and indemnify plaintiff insured A.J. Sheepskin and Leather Co. in the underlying Federal action, because the allegations of the complaint in that action, setting forth claims of trademark infringement against A.J. Sheepskin premised, without exception, upon conduct both knowing and intentional, fell wholly within the exclusion in the subject insurance policy pertaining to advertising injury "arising out of oral or written publication of material; if done by or at the direction of the insured with knowledge of its falsity." Defendant insurer, in determining whether to disclaim coverage, was entitled to rely on and, indeed, was bound by the four corners of the complaint in the Federal action (*see, Bingham v Atlantic Mut. Ins. Co.*, 215 AD2d 315; *New Hampshire Ins. Co. v Jefferson Ins. Co.*, 213 AD2d 325, 328). Although we recognize that there exists an exceptional category of cases in which a duty to defend and indemnify may exist, notwithstanding a complaint whose allegations fall entirely within an exclusion (*see, e.g., PG Ins. Co. v Day Mfg. Co.*, 251 AD2d 1065), this is not such a case, since there has been no showing of "underlying facts made known to the insurer creat[ing] a 'reasonable possibility that the insured may be held liable for some act or omission covered by the policy'" (*Fitzpatrick v American Honda*

*Motor Co.*, 78 NY2d 61, 70, quoting *Meyers & Sons Corp. v Zurich Am. Ins. Group*, 74 NY2d 298, 302). Indeed, the underlying facts in the now concluded Federal trademark infringement action, afford no reason to suppose that the A.J. Sheepskin's insurer, present defendant Colonia, had any reason to suppose that there was a reasonable possibility that liability in that action might be premised on unintentional or unknowing conduct not embraced by Colonia's exclusion (*cf., PG Ins. Co. v Day Mfg. Co., supra*). To the contrary, prior to the Federal action's settlement, there was an express finding, after a full evidentiary hearing held in connection with BEAR U.S.A.'s successful application for a preliminary injunction, that, in accordance with the allegations of the complaint, A.J. Sheepskin was a "serial infringer" that had "deliberately sought to confuse the public" by selling goods nearly identical to BEAR's. We modify only to the extent of declaring in defendant's favor (*see, Lanza v Wagner*, 11 NY2d 317).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Rosenberger, J. P., Tom, Mazzarelli, Andrias and Saxe, JJ.