■ AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY, Respondent, v QUALITY KING DISTRIBUTORS, INC., Appel-

lant. [721 NYS2d 83] —In an action for a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendant in an underlying action entitled *Procter & Gamble Co. v Quality King Distribs.,* pending in the United States District Court for the Eastern District of New York under Index No. CV95-3113, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Cohalan, J.), dated March 15, 2000, which granted the plaintiff's motion for summary judgment and declared that the plaintiff is not obligated to defend and indemnify the defendant in the underlying action and denied its cross motion for summary judgment declaring that the plaintiff has a duty to defend and indemnify the defendant in the underlying action.

Ordered that the order and judgment is reversed, on the law, with costs, the motion is denied, the cross motion is granted, and it is declared that the plaintiff is obligated to defend and indemnify the defendant in the underlying action.

The plaintiff was the underwriter of a commercial general liability insurance policy for the benefit of the defendant, which included coverage for "advertising injury." Procter & Gamble Company (hereinafter Procter & Gamble) sued the defendant in the United States District Court for the Eastern District of New York alleging, *inter alia,* that the defendant distributed counterfeit "Head & Shoulders" shampoo. The defendant requested that the plaintiff defend and indemnify it under the provision of the insurance policy. The plaintiff refused, and subsequently brought this action for a declaration that it is not obligated to defend or indemnify the defendant.

If the underlying complaint contains any facts or allegations which bring the claim potentially within the protection purchased, the insurer is obligated to defend (*see, Technicon Elecs. Corp. v American Home Assur. Co.,* 74 NY2d 66). Additionally, if the insurer may be obligated to indemnify the insured for at least some of the causes of action asserted in the underlying complaint, it must defend the insured on all of the causes of action asserted therein (*see, Fitzpatrick v American Honda Motor Co.,* 78 NY2d 61). In this case, Procter & Gamble alleged that the defendant used its trademark or dress mark in connection with the defendant's sale or advertising of the counterfeit "Head & Shoulders" shampoo. Because the allegations of the complaint expressly alleged that the defendant's advertising activities violated Procter & Gamble's trademark, the allegations potentially bring the claim within the protection purchased. Therefore, contrary to the determination of the Supreme Court, the plaintiff is obligated to defend and

indemnify the defendant in the underlying action (*see, Technicon Elecs. Corp. v American Home Assur. Co., supra; Allou Health & Beauty Care v Aetna Cas. & Sur. Co.,* 269 AD2d 478). Ritter, J. P., Krausman, McGinity and Smith, JJ., concur.