■ AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY, Respondent, v QUALITY KING DISTRIBUTORS, INC.,

Appellant. [731 NYS2d 234] —Motion by the respondent for leave to reargue an appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Cohalan, J.), dated March 15, 2000, which was determined by decision and order of this Court dated February 13, 2001, or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court. Cross motion by the appellant, in effect, to supplement the record on appeal to include an order of the United States District Court for the Eastern District of New York, dated December 4, 2000.

Upon the papers filed in support of the motion and the cross motion, and upon the papers filed in opposition thereto, it is

Ordered that the cross motion and the branch of the motion which is for leave to appeal to the Court of Appeals are denied; and it is further,

Ordered that the branch of the motion which is for leave to reargue is granted, and upon reargument, the decision and order of this Court dated February 13, 2001 (280 AD2d 501) is recalled and vacated, and the following decision and order is substituted therefor:

In an action for a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendant in an underlying action entitled *Procter & Gamble Co. v Quality King Distribs.,* pending in the United States District Court for the Eastern District of New York under Index No. CV95-3113, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Cohalan, J.), dated March 15, 2000, which granted the plaintiff's motion for summary judgment and declared that the plaintiff is not obligated to defend and indemnify the defendant in the underlying action and denied its cross motion for summary judgment declaring that the plaintiff has a duty to defend and indemnify the defendant in the underlying action.

Ordered that the order and judgment is modified, on the law, by (1) deleting the provision thereof granting the motion and substituting therefor a provision denying the motion, and (2) deleting the provision thereof denying that branch of the cross motion which was for summary judgment declaring that the plaintiff had a duty to defend the defendant in the underlying action and substituting therefor a provision granting that branch of the cross motion; as so modified, the order and judgment is affirmed, with costs to the appellant.

The plaintiff was the underwriter of a commercial general liability insurance policy for the benefit of the defendant, which included coverage for "advertising injury." Procter & Gamble

Company (hereinafter Procter & Gamble) sued the defendant in the United States District Court for the Eastern District of New York alleging, *inter alia,* that the defendant distributed counterfeit "Head & Shoulders" shampoo. The defendant requested that the plaintiff defend and indemnify it under the provision of the insurance policy. The plaintiff refused, and subsequently brought this action for a judgment declaring that it was not obligated to defend and indemnify the defendant.

If the underlying complaint contains any facts or allegations which bring the claim potentially within the protection purchased, the insurer is obligated to defend (*see, Technicon Elecs. Corp. v American Home Assur. Co.,* 74 NY2d 66). Additionally, if the insurer may be obligated to indemnify the insured for at least some of the causes of action asserted in the underlying complaint, it must defend the insured on all of the causes of action asserted therein (*see, Fitzpatrick v American Honda Motor Co.,* 78 NY2d 61). Procter & Gamble alleged that the defendant used its trademark or dress mark in connection with the defendant's sale or advertising of the counterfeit "Head & Shoulders" shampoo. Because the allegations of the complaint expressly alleged that the defendant's advertising activities violated Procter & Gamble's trademark, the allegations potentially bring the claim within the protection purchased. Therefore, contrary to the determination of the Supreme Court, the plaintiff is obligated to defend the defendant in the underlying action (*see, Technicon Elecs. Corp. v American Home Assur. Co., supra; Allou Health & Beauty Care v Aetna Cas. & Sur. Co.,* 269 AD2d 478). Based on the record before us, we do not reach the issue of whether the plaintiff has a duty to indemnify the defendant in the underlying action. Ritter, J. P., Krausman, McGinity and Smith, JJ., concur.