■ RONALD C. COSSER, Doing Business as THE CRAFTSMAN et al., Appellants, v ONE BEACON INSURANCE GROUP, Respondent. [789 NYS2d 586]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Onondaga County (Charles T. Major, J.), entered May 7, 2004 in a declaratory judgment action. The judgment denied plaintiffs' motion for summary judgment and granted defendant's cross motion for summary judgment.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted, judgment is granted in favor of plaintiffs as follows:

"It is adjudged and declared that defendant has a duty to defend plaintiffs in the federal action, L. & J.G. Stickley, Inc. v Ronald C. Cosser, doing business as The Craftsman, and Melissa Cosser, and contribute to defense costs incurred to date in that action and the cross motion is denied."

Memorandum: Plaintiffs commenced this action seeking judgment declaring that, pursuant to the terms of two commercial general liability insurance policies issued by defendant to plaintiffs, defendant has a duty to defend and indemnify them in an action commenced against them in federal court by L. & J.G. Stickley, Inc. (Stickley). In the federal action, Stickley alleged causes of action for false advertising and false designation of origin under the Lanham Act (15 USC § 1125 [a]), false advertising under General Business Law § 350, deceptive acts and practices under General Business Law § 349, unfair competition, and misappropriation of trade secrets. According to the complaint in the federal action, the plaintiffs herein formed a partnership with a former Stickley employee who had access to an exclusive Stickley formula for furniture polish, and plaintiffs thereafter manufactured and marketed the formula themselves. In its answer herein, defendant asserted a counterclaim seeking judgment declaring that there is no coverage under the policies at issue and that defendant therefore has no duty to defend plaintiffs in the federal action, and defendant in addition sought costs and attorney's fees incurred in defending this action. Plaintiffs thereafter moved for partial summary judgment seek-

ing a declaration that defendant has a duty to defend them in the federal action and must contribute to their defense costs incurred to date, and defendant cross-moved for summary judgment on its counterclaim seeking a declaration that no coverage exists under the policies at issue. Supreme Court granted defendant's cross motion, declaring that there is no coverage under the policies at issue. We reverse.

In granting defendant's cross motion, the court agreed with defendant that the causes of action in the federal complaint did not trigger possible coverage for advertising injury. That was error. We note at the outset that the court erred in agreeing with defendant that the complaint in the federal action fails to allege an advertising injury covered by the terms of the policies at issue. The complaint therein alleges the misuse or infringement of Stickley's trademark (*see Allou Health & Beauty Care v Aetna Cas. & Sur. Co.*, 269 AD2d 478, 479-480 [2000]) or "trade dress" within the terms of the policies at issue (*see American Mfrs. Mut. Ins. Co. v Quality King Distribs.*, 287 AD2d 527, 529 [2001]; *see also Maritime Fish Prods. v World-Wide Fish Prods.*, 100 AD2d 81, 86-87 [1984], *appeal dismissed* 63 NY2d 675 [1984]).

Defendant's further contention that the claims in the underlying action are excluded from coverage because plaintiffs' alleged wrongful conduct was knowing and intentional also is without merit (*see PG Ins. Co. of N.Y. v S.A. Day Mfg. Co.*, 251 AD2d 1065 [1998]). As in this case, *PG Ins. Co.* involved causes of action in a federal complaint for false advertising and deceptive business practices in violation of the Lanham Act and General Business Law §§ 349 and 350, as well as the identical liability form at issue in this case. Here, as in *PG Ins. Co.*, we conclude that defendant has a duty to defend plaintiffs in the underlying federal action because there is "a 'reasonable possibility that the insured[s] may be held liable for some act or omission covered by the policy' " (*Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 70 [1991]). Plaintiffs "may be liable to [Stickley] pursuant to the Lanham Act and the General Business Law in the underlying action without a showing of intentional or knowing conduct on [their] part. Whether [plaintiffs] engaged in intentional or knowing conduct is relevant on the issue of damages only and not liability" (*PG Ins. Co. of N.Y.*, 251 AD2d at 1066; *see Massachusetts Bay Ins. Co. v Penny Preville, Inc.*, 1996 WL 389266, *10-11, 1996 US Dist LEXIS 9671, *29-33 [SD NY, July 10, 1996]; *see also Simply Lite Food Corp. v Aetna Cas. & Sur. Co. of Am.*, 245 AD2d 500 [1997]; *cf. Atlantic Mut. Ins. Co. v Terk Tech. Corp.*, 309 AD2d

22, 32 [2003]). Further, it is well established that an insurer must provide a defense where, as here, "it has actual knowledge of facts establishing a reasonable possibility of coverage" (*Fitzpatrick*, 78 NY2d at 67). Thus, because at least some of the causes of action in the complaint in the federal action "arguably arise from covered events, [defendant] is required to defend the entire action" (*Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d 169, 175 [1997]; *see Town of Massena v Healthcare Underwriters Mut. Ins. Co.*, 98 NY2d 435, 443-444 [2002]).

Defendant has also failed to establish as a matter of law that the events giving rise to the complaint in the federal action were outside of the policy periods or that "the allegations of the complaint cast the pleading[ ] wholly within [the] exclusion" for an advertising injury where the first publication of the advertisement occurred before the commencement of the policy period (*Frontier Insulation Contrs.*, 91 NY2d at 175). Finally, the court properly rejected defendant's contention that plaintiffs' failure to notify defendant of a patent infringement suit not covered by the policies at issue was a condition precedent to defendant's obligation to provide a defense for plaintiffs in the federal action (*see generally Darby & Darby v VSI Intl.*, 95 NY2d 308, 312-314 [2000]; *A. Meyers & Sons Corp. v Zurich Am. Ins. Group*, 74 NY2d 298, 303 [1989]). We therefore reverse the judgment, grant the motion, grant judgment declaring that defendant has a duty to defend plaintiffs in the federal action and contribute to defense costs incurred to date in that action and deny the cross motion. Present—Hurlbutt, J.P., Kehoe, Gorski, Pine and Hayes, JJ.