Continental Cas. Co. v KB Ins. Co., Ltd. (2020 NY Slip Op 03726)





Continental Cas. Co. v KB Ins. Co., Ltd.


2020 NY Slip Op 03726


Decided on July 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2020

Richter, J.P., Kapnick, Webber, Gesmer, Moulton, JJ.


11738 652103/18

[*1] Continental Casualty Company, Plaintiff-Respondent,
v
KB Insurance Co., Ltd. doing business as Kookmin Best Insurance Company (US Branch), formerly known as Leading Insurance Group Insurance Co., Ltd., Defendant-Appellant.


Chartwell Law, New York (Matthew Kraus of counsel), for appellant.
CNA Coverage Litigation Group, New York (Marian S. Hertz of counsel), for respondent.



Order, Supreme Court, New York County (Melissa Crane, J.), entered May 31, 2019, which granted plaintiff's motion for summary judgment declaring that defendant has a duty to defend Value Wholesale, Inc. (Value) in an underlying action and reimburse plaintiff for the defense costs, unanimously affirmed, with costs.
Defendant has a duty to defend Value because the allegations contained in the underlying complaint fall within the protection purchased under the insurance policy (see BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d 708, 714 [2007]). Defendant issued a commercial general liability insurance policy to Value, which was in effect during the relevant time period. Under the terms of the policy, defendant agreed to "pay those sums that the insured becomes legally obligated to pay as damages because of personal and advertising injury.'" "Personal and advertising injury" includes an injury arising out of the infringement "upon another's copyright, trade dress or slogan in [the] advertisement.'" Defendant's contention that the claims in the underlying action are excluded from coverage is unpersuasive because there is no evidence conclusively showing that Value's conduct was to intentionally or knowingly advertise Abbott's unapproved products domestically (see e.g. Cosser v One Beacon Ins. Group, 15 AD3d 871, 873 [4th Dept 2005]; PG Ins. Co. of N.Y. v Day Mfg. Co., 251 AD2d 1065 [4th Dept 1998]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2020
CLERK