ZANDRI CONSTRUCTION CO., INC., Respondent, v FIREMEN'S INSURANCE CO. OF NEWARK et al., Appellants, et al., Defendants.

Third Department, June 11, 1981

APPEARANCES OF COUNSEL

*LaPann, Reardon, Fitzgerald & Firth (Peter A. Firth* of counsel), for Firemen's Insurance Co. of Newark, appellant.

*Hesson, Ford, Sherwood & Whalen (Dale M. Thuillez* of counsel), for Lumbermen's Mutual Casualty Co., appellant.

*Couch, Coulter & Howard, P. C. (Leslie F. Couch* of counsel), for respondent.

OPINION OF THE COURT

MAHONEY, P. J.

The facts are undisputed. In 1972, Zandri Construction Co., Inc. (Zandri) entered into a contract for the construction of a church in Ballston Lake, New York. About two years after the church was completed the owners thereof commenced an action against Zandri and others wherein, with respect to Zandri, the general contractor, it is alleged that because of the defective work product resulting from its failure to construct the church in accordance with the plans and specifications, and to use materials set forth in said plans and specifications and to install said materials and perform its labor in a workmanlike manner, said structure became unsafe and unfit for occupancy. As a consequence of Zandri's defective work product, the plaintiffs alleged that they had to vacate the building and conduct religious services elsewhere at additional costs, and, further, that they will be required to spend great sums of money to repair said building in order to make it safe for occupancy.

Zandri carried both comprehensive general liability insurance (CGL) and contractual liability insurance with Lumbermen's Mutual Casualty Company (Lumbermen's) and with Firemen's Insurance Company of Newark (Firemen's). Both insurers refused to provide Zandri with a defense to the church's action. A declaratory judgment action was commenced by Zandri against both carriers seeking a declaration that both Lumbermen's and Firemen's were obligated to defend and to indemnify Zandri for any damages awarded the church. Motions for summary judgment by all parties resulted in summary relief in favor of Zandri. This appeal by both insurers ensued.

Turning first to the question of whether the contractual liability policies of both carriers require them to provide Zandri with a defense, we have no difficulty in concluding that they do not. Each policy contains identically worded exclusionary provisions that such insurance does not apply to property damage to the named insured's products, to property damage to work performed by or on behalf of the named insured arising out of the work, or any portion

thereof, or out of materials furnished in connection therewith, or to damages claimed for work completed by or for the named insured.* Further, each policy contains a definition of "contractual liability" which specifically states "[t]hat contractual liability shall not be construed as including liability *under a warranty of the fitness or quality of the named insured's products or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner.*" (Emphasis added.)

Ironically, this definition of "contractual liability" contained in the contractual liability policies and which has the effect of excusing the insurers' obligation to defend, is contained in the CGL policies of both carriers as an exclusion, and, arguably, creates an ambiguity as to coverage and, again arguably, triggers the general rule that any such ambiguity as to coverage must be resolved in favor of the insured *(Sincoff v Liberty Mut. Fire Ins. Co.,* 11 NY2d 386, 390). The CGL policies of both insurers contain the same exclusions as are set forth in the contractual liability policies. However, in the CGL policies there is an exception to the exclusionary provisions labeled "(a)" which states: "[b]ut this exclusion does not apply to a warranty of fitness or quality of the named insured's products or a waranty that work performed by or on behalf of the named insured will be done in a workmanlike manner." Special Term, finding that "(a)", at the very least, created an ambiguity with respect to the application of the three exclusionary provisions in the CGL policies, followed the general rule that any such ambiguity as to coverage must be resolved in favor of the insured *(Lipton, Inc. v Liberty Mut. Ins. Co.,* 34 NY2d 356, 361). We disagree.

The so-called "doctrine of ambiguity" is a rule of construction and is intended as an aid in the interpretation of policy terms when the intent of the contracting parties is unclear. It is not a rule of law to be rigidly applied when there is a *de minimus* conflict that readily gives way when a full reading of the policy makes the intent of the parties

---

* Labeled exclusionary provisions "(i)", "(j)", and "(k)", in the Lumbermen's policy and "(j)", "(k)", and "(1)" in the Firemen's policy.

clearly discernible. Here, it cannot be denied that exclusions "(n)", "(o)", and "(p)", unambiguously exclude coverage for property damage to the insured's work product caused by its failure to perform in a workmanlike manner or by its breach of a warranty of fitness or quality of that work product, i.e., the completed church. In other words, the insurers clearly did not intend to provide coverage for claims against their insured for breach of express or implied warranties of workmanship when the damages claimed were the cost of correcting the work itself. The risk that the insurers clearly intended to cover was the possibility that the work product of the insured, once completed, would cause bodily injury or damage to property other than to the product or completed work itself, and for which the insured might be found liable. The coverage in question here is not designed to insure Zandri against contractual liability resulting in economic loss because its work product causes damages to the party who contracted for its completion. To hold otherwise would constitute rewriting the policies so as to guarantee the insured's work product and negate completely the wording of the exclusionary clauses. Accordingly, without intending to undercut the salutary effects of the doctrine that contractual ambiguities should be resolved against their authors, we hold that the ambiguity, if any, that exists here when exclusion "(a)" is read with exclusions "(n)", "(o)" and "(p)", is not of such a genuine nature that the doctrine should be invoked. Exclusions in policies of insurance must be read *seriatim*, not cumulatively, and if any one exclusion applies there can be no coverage since no one exclusion can be regarded as inconsistent with another *(Weedo v Stone-E-Brick, Inc.,* 81 NJ 233). Thus, if coverage of the kind sought herein was intended, there would be no need to recite in the contract any exclusions beyond that provided in "(a)". Therefore, since exclusions "(n)", "(o)", and "(p)" clearly preclude coverage of the insured's own work product, the exclusionary language of "(a)" has no application with respect to liability by Zandri for faulty workmanship. However, since the same policies do provide coverage for faulty workmanship which causes an accident, exclusion "(a)" means that if someone sustains property damage or per-

sonal injuries because the insured negligently created a work product that caused such harm, exclusion "(a)" would not preclude coverage because that injury was caused by a breach of the insured's warranty of fitness. In sum, exclusion "(a)" in the CGL policies preclude coverage for business risk but not for injury or damage to others caused by a failed business risk.

The amended order should be reversed, on the law, with costs, and judgment directed to be entered declaring that neither Lumbermen's Mutual Casualty Company nor Firemen's Insurance Company of Newark is required to provide a defense for Zandri Construction Co., Inc.

MAIN, MIKOLL, YESAWICH, JR. and HERILHY, JJ., concur.

Amended order reversed, on the law, with costs, and judgment directed to be entered declaring that neither Lumbermen's Mutual Casualty Company nor Firemen's Insurance Company of Newark is required to provide a defense for Zandri Construction Co., Inc.