■ HARTFORD ACCIDENT & INDEMNITY COMPANY, Appellant, v A.P. REALE & SONS, INC., et al., Respondents, et al., Defendants. [644 NYS2d 442] —White, J.

In May 1984, defendant A.P. Reale & Sons, Inc. (hereinafter Reale) entered into a contract with defendant The Michael's Group, Inc. as agent for defendant Juniper Hills Villas, Inc. (hereinafter collectively referred to as Michael's Group) wherein it agreed to construct a sewage treatment facility in accordance with plans and specifications provided by defendant Harold Burger, a professional engineer. In conjunction therewith, Reale obtained a commercial general liability policy containing a broad form property damage endorsement from plaintiff. Subsequently, in 1989 Michael's Group commenced an action against Reale alleging that it breached the contract by failing to construct the sewage treatment facility in accordance with the plans and specifications. Ultimately, plaintiff disclaimed coverage and commenced this action seeking a declaration that it had no duty to defend or indemnify Reale. Following joinder of issue, Supreme Court, finding the policy ambiguous, denied plaintiff's motion for summary judgment and this appeal ensued. For the reasons that follow, we disagree with Supreme Court's determination and, accordingly, reverse.

The resolution of this appeal turns upon our interpretation of several exclusions included in the basic policy and endorsement. Exclusion (a) in the basic policy excludes from coverage any liability assumed by Reale under any contract or agreement except an "incidental contract". This exclusion, however, does not apply to a warranty of fitness or the quality of Reale's products or a warranty that the work performed by or on behalf of Reale will be done in a competent manner. The broad form property damage endorsement expands the definition of "incidental contract" "to include any oral or written contract or agreement relating to the conduct of [Reale's] business". This policy language is seemingly made ambiguous by exclusion (n) in the basic policy excluding from coverage property damage to the name insured's products arising out of such

products, and exclusion (2) (d) (iii) in the endorsement removing from coverage property not on premises owned or rented to the insured upon which restoration, repair or replacement has been made or is necessary by reason of faulty work thereon by or on behalf of the insured.

While we recognize that exclusion (a) seems to be contradicted by exclusions (n) and (2) (d) (iii), this apparent contradiction is negated by the application of the principle that policy exclusions are to be read seriatim and, if any one exclusion applies, there is no coverage since no one exclusion can be regarded as inconsistent with another (see, *Jakobson Shipyard v Aetna Cas. & Sur. Co.*, 775 F Supp 606, 612-613, *affd* 961 F2d 387; *Rhinebeck Bicycle Shop v Sterling Ins. Co.*, 151 AD2d 122, 126; *Zandri Constr. Co. v Firemen's Ins. Co.*, 81 AD2d 106, 109, *affd sub nom. Zandri Constr. Co. v Stanley H. Calkins, Inc.*, 54 NY2d 999; *Weedo v Stone-E-Brick, Inc.*, 81 NJ 233, 248). Thus in *Zandri Constr. Co. v Firemen's Ins. Co. (supra)* we held that the business risks exclusions similar to those embodied in exclusions (n) and (2) (d) (iii) precluded coverage for property damage to the insured's work product, harm caused by its failure to perform in a competent manner or by its breach of a warranty of fitness or quality of that work product and that exclusion (a) had no application with respect to liability by the insured for faulty work (see, *Zandri Constr. Co. v Firemen's Ins. Co., supra*). We went on to explain that, if a third person sustains property damage or personal injuries because the insured negligently created a work product that caused such harm, exclusion (a) would not preclude coverage because that injury was caused by a breach of the insured's warranty of fitness (*supra*, at 109-110).

We reach a similar result here because the bill of particulars of Michael's Group indicates that the damages it sustained were for the repair and/or replacement of the sewage treatment facility Reale installed in an improper and incompetent manner (see, *Fuller Co. v United States Fid. & Guar. Co.*, 200 AD2d 255, 260-261, *lv denied* 84 NY2d 806). Thus, we conclude that Reale is denied coverage by exclusions (n) and (2) (d) (iii) and that plaintiff has no obligation to defend or indemnify it (see, *Zandri Constr. Co. v Stanley H. Calkins, Inc.*, 54 NY2d 999, *supra*). We note that this disposition is in accord with the purpose of a commercial general liability policy which is to provide coverage for tort liability for physical damage to others and not for contractual liability of the insured for economic loss because the product or completed work is not what the damaged person bargained for (Henderson, *Insurance Protec-*

*tion for Products Liability and Completed Operations—What Every Lawyer Should Know*, 50 Neb L Rev 415, 441 [1971]).

Mercure, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to plaintiff and it is declared that plaintiff is not obligated to defend or indemnify defendant A.P. Reale & Sons, Inc. in the underlying action.