SCOTT E. SAMPSON, Plaintiff, v LARRY JOHNSTON, Doing Business as LARRY JOHNSTON CONTRACTING, Defendant and Third-Party Plaintiff-Respondent. TRAVELERS INSURANCE COMPANY, Third-Party Defendant-Appellant. [708 NYS2d 210] —Judgment unanimously reversed on the law without costs, motion denied, cross motion granted and judgment granted in accordance with the following Memorandum: Third-party plaintiff, Larry Johnston, d/b/a Larry Johnston Contracting, commenced this third-party action seeking a declaration that third-party defendant, The Travelers Insurance Company (Travelers), is obligated to defend and indemnify him in the underlying breach of contract action commenced by plaintiff, Scott E. Sampson. Johnston and Sampson entered into a contract pursuant to which Johnston would build a four-unit residential building for Sampson. That project was completed in July 1990, but the pipes in the building began leaking in July 1991. Sampson commenced the underlying action for breach of contract, alleging that the pipes installed by Johnston did not comply with the plan specifications or the building code for the Village of Mayville. Travelers denied coverage under the commercial general liability insurance policy issued to Johnston. Johnston commenced this third-party action and moved for summary judgment declaring that Travelers must defend and indemnify him in the underlying action, and Travelers cross-moved for summary judgment on its counterclaims, which seek judgment declaring that it has no duty to defend or indemnify Johnston.

Supreme Court erred in granting the motion and denying the cross motion. Exclusion 2 (*l*) in the Travelers policy excludes the property damage at issue in the underlying action. Contrary to Johnston's contention, the fact that another exclusion may have been inconsistent with exclusion 2 (*l*) is irrelevant. "[P]olicy exclusions are to be read seriatim and, if any one exclusion applies, there is no coverage since no one exclusion can be regarded as inconsistent with another" (*Hartford Acc. & Indem. Co. v Reale & Sons*, 228 AD2d 935, 936; *see, Monteleone v Crow Constr. Co.*, 242 AD2d 135, 140-141, *lv denied* 92 NY2d 818; *Zandri Constr. Co. v Firemen's Ins. Co.*, 81 AD2d 106, 109, *affd sub nom. Zandri Constr. Co. v Stanley H. Calkins, Inc.*, 54 NY2d 999). Because exclusion 2 (*l*) applies, we reverse the judgment, deny the motion, grant the cross motion and grant judgment in favor of Travelers declaring that it

is not obligated to defend or indemnify Johnston in the underlying action. (Appeal from Judgment of Supreme Court, Chautauqua County, Gerace, J.—Declaratory Judgment.) Present—Pine, J. P., Hayes, Scudder and Kehoe, JJ.