■ GARSON MANAGEMENT COMPANY, LLC, et al., Appellants, v TRAVELERS INDEMNITY COMPANY OF ILLINOIS, Respondent. [752 NYS2d 696] —In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Colabella, J.), entered September 5, 2001, which denied their motion for summary judgment on the issue of liability, and, in effect, granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant issued a commercial property insurance policy to the plaintiff Garson Management Company, LLC (hereinaf-

ter Garson), which contained exclusions for the costs of correcting deterioration and corrosion of covered property. A chunk of concrete fell from a portion of the garage owned by the plaintiff 1180 Midland Avenue, LLC, which was managed by Garson and was a covered property under the subject insurance policy. The plaintiffs then removed the concrete encasing the garage's structural steel beams, and discovered that they were severely corroded. Thereafter, the plaintiffs repaired the damage, and sought reimbursement from the defendant under the insurance policy. The defendant denied coverage pursuant to the policy provision excluding the cost of correcting, or reimbursing the insured for moneys expended to correct, deterioration or corrosion. The plaintiffs commenced this action seeking, inter alia, damages for breach of the insurance policy. They eventually moved for partial summary judgment, essentially claiming that coverage is afforded under a separate policy provision that excludes losses caused by building or structure collapse unless the collapse is caused by "hidden decay." The Supreme Court denied the plaintiffs' motion for partial summary judgment, and, in effect, granted the defendant's cross motion for summary judgment dismissing the complaint.

An exclusion from coverage "must be specific and clear in order to be enforced" (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311), and an ambiguity in an exclusionary clause must be construed most strongly against the insurer (*see Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.*, 60 NY2d 390, 398; *Lipton, Inc. v Liberty Mut. Ins. Co.*, 34 NY2d 356, 361). However, an unambiguous policy provision must be accorded its plain and ordinary meaning (*see Sanabria v American Home Assur. Co.*, 68 NY2d 866, 868), and the plain meaning of the policy's language may not be disregarded in order to find an ambiguity where none exists (*see Acorn Ponds v Hartford Ins. Co.*, 105 AD2d 723, 724).

Here, the plain meaning of the exclusion was to relieve the insurer of liability when its insured sought reimbursement for costs incurred in correcting corrosion and deterioration of the subject garage. Thus, the exclusion applied to the loss in the present case and the Supreme Court properly granted summary judgment to the defendants. There is no merit to the plaintiffs' claim that the hidden decay exception to the collapse exclusion provides coverage in this matter (*see Zandri Constr. Co. v Stanley H. Calkins, Inc.*, 54 NY2d 999, 1001; *ManorCare Health Servs. v Travelers Indem. Co. of Ill.*, 210 F3d 358). "[P]olicy exclusions are to be read seriatim and, if any one exclusion applies, there is no coverage since no one exclusion can be

regarded as inconsistent with another" (*Sampson v Johnston,* 272 AD2d 956, quoting *Hartford Acc. & Indem. Co. v Reale & Sons,* 228 AD2d 935, 936).

The plaintiffs' remaining contentions are without merit. Feuerstein, J.P., Smith, O'Brien and Goldstein, JJ., concur.