■ KAY BEE BUILDERS, INC., Respondent, v MERCHANT'S MUTUAL INSURANCE COMPANY et al., Respondents, and BLUE RIDGE INSURANCE COMPANY, Appellant. [781 NYS2d 692]—

In an action, inter alia, to recover damages for breach of contract, the defendant Blue Ridge Insurance Company appeals from an order of the Supreme Court, Suffolk County (Baisley, J.), dated October 16, 2003, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

Contrary to the conclusion of the Supreme Court, exclusions "j5" and "j6" of the commercial general liability policy issued by the defendant Blue Ridge Insurance Company (hereinafter Blue Ridge) to the plaintiff, which apply to damage caused by the plaintiff or one of its subcontractors to the plaintiff's work product, exclude the plaintiff's claim from coverage. Moreover, a separate exclusion modified the policy to exempt "roofing" from the designated work that was covered (*see Adler & Neilson Co. v Insurance Co. of N. Am.*, 56 NY2d 540, 542 [1982]; *Pavarini Const. Co. v Continental Ins. Co.*, 304 AD2d 501 [2003]; *Fuller Co. v United States Fid. & Guar. Co.*, 200 AD2d 255 [1994]).

The purported ambiguity created by exclusion "l" does not preclude an award of summary judgment to Blue Ridge. "[P]olicy exclusions are to be read seriatim and, if any one exclusion applies, there is no coverage since no one exclusion can be regarded as inconsistent with another" (*Sampson v Johnston*, 272 AD2d 956 [2000] [internal quotation marks omitted]; *Hartford Acc. & Indem. Co. v Reale & Sons*, 228 AD2d 935, 936 [1996]; *Garson Mgt. Co. v Travelers Indem. Co. of Ill.*, 300 AD2d 538, 539 [2002]).

The respondents' remaining contentions are without merit. Smith, J.P., Krausman, Adams and Skelos, JJ., concur.