■ AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY, Respondent, v QUALITY KING DISTRIBUTORS, INC., Appellant. [792 NYS2d 555]—

In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant in an underlying trademark infringement action entitled *Procter & Gamble Company v Quality King Distributors, Inc.,* commenced in the United States District Court for the Eastern District of New York, under index No. CV-95-3113 (ADS), the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated August 20, 2003, as denied that branch of its motion which was for summary judgment declaring that the plaintiff is obligated to indemnify it in the underlying trademark infringement action.

Ordered that the order is affirmed insofar as appealed from, with costs, and upon searching the record, summary judgment is awarded to the plaintiff declaring that it is not obligated to indemnify the defendant in the underlying trademark infringement action entitled *Procter & Gamble Company v Quality King Distributors, Inc.,* commenced in the United States District Court for the Eastern District of New York, under index No. CV-95-3113 (ADS).

The duty to indemnify on the part of an insurer requires a determination that the insured is liable for a loss that is covered by the policy (*see Servidone Constr. Corp. v Security Ins. Co. of Hartford,* 64 NY2d 419 [1985]; *Lehrer McGovern Bovis v Halsey Constr. Corp.,* 254 AD2d 335 [1998]). Generally, the burden is on the insured to establish coverage in the first instance (*see Consolidated Edison Co. of N.Y. v Allstate Ins. Co.,* 98 NY2d 208 [2002]). Here, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment declaring that the plaintiff is obligated to indemnify it in the underlying trademark infringement action. Contrary to the defendant's contention, this Court's decision and order determining a prior appeal (*see American Mfrs. Mut. Ins. Co. v Qual-*

*ity King Distribs., Inc.,* 287 AD2d 527 [2001]) did not determine the issue of indemnification. On that prior appeal, we found that the plaintiff had a duty to defend the defendant in the underlying trademark infringement action since the underlying complaint potentially gave rise to a covered claim for which the plaintiff might have had a duty to indemnify. However, this Court did not reach the issue of whether the plaintiff had a duty to indemnify the defendant in the underlying trademark infringement action (*see American Mfrs. Mut. Ins. Co. v Quality King Distribs., Inc., supra* at 529). Under the facts as determined in the underlying trademark infringement action, the injury for which the defendant was liable was not an "advertising injury" (*see Procter & Gamble Co. v Quality King Distribs.,* 123 F Supp 2d 108 [2000]; *Bonded Concrete, Inc. v Transcontinental Ins. Co.,* 12 AD3d 761 [2004]; *see generally A. Meyers & Sons Corp. v Zurich Am. Ins. Group,* 74 NY2d 298 [1989]; *Allou Health & Beauty Care v Aetna Cas. & Sur. Co.,* 269 AD2d 478 [2000]; *Century 21 v Diamond State Ins. Co.,* 2004 WL 1117897, 2004 US Dist Lexis 8929 [SD NY, May 18, 2004]). Thus, the plaintiff did not have a duty to indemnify the defendant. Accordingly, upon searching the record, we award summary judgment to the plaintiff declaring that it did not have a duty to indemnify the defendant in the underlying trademark infringement action.

The defendant's remaining contentions are without merit. Florio, J.P., Krausman, Goldstein and Mastro, JJ., concur.