■ DURATECH INDUSTRIES, INC., Respondent-Appellant, v CONTINENTAL INSURANCE COMPANY et al., Appellants-Respondents. [800 NYS2d 182]—

In an action, inter alia, to recover damages for breach of contract, (1) the defendants Continental Insurance Company, Kansas City Fire and Marine Insurance Company, and Valley Forge Insurance Company appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated May 12, 2003, as denied those branches of their motion which were for summary judgment dismissing the second and third causes of action and all cross claims insofar as asserted against them, the defendant Peerless Insurance Company separately appeals, as limited by its brief, from so much of the same order as denied those branches of its motion which were for summary judgment dismissing the fourth cause of action and all cross claims insofar as asserted against it, the plaintiff Duratech Industries, Inc., cross-appeals from stated portions of the same order which, inter alia, granted those branches of the motions of the defendants Peerless Insurance Company, Continental Insurance Company, Kansas City Fire and Marine Insurance Company, and Valley Forge Insurance Company, which were for summary judgment dismissing so much of the fifth cause of action as sought to recover consequential damages, and (2) the defendant Vollmer-Adair Agency, Inc., appeals from so much of an order of the same court dated June 11, 2003, as denied that branch of its cross motion which was for summary judgment dismissing the sixth cause of action, and, upon granting that branch of its motion which was for summary judgment dismissing the eighth cause of action, granted the plaintiff leave to serve an amended complaint as to the eighth cause of action.

Ordered that the order dated May 12, 2003, is modified, on the law, by (1) deleting the provision thereof denying those branches of the motion of the defendants Continental Insurance Company, Kansas City Fire and Marine Insurance Company and, Valley Forge Insurance Company, which were for summary judgment dismissing the second and third causes of action and all cross claims insofar as asserted against them, and substituting therefor a provision granting those branches of the motion, and (2) deleting the provision thereof denying those branches of the motion of the defendant Peerless Insurance Company which

were for summary judgment dismissing the fourth cause of action and all cross claims insofar as asserted against it, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the order dated June 11, 2003, is reversed insofar as appealed from, on the law, that branch of the cross motion by the defendant Vollmer-Adair Agency, Inc., which was for summary judgment dismissing the sixth cause of action is granted; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.

Those branches of the motion of the defendants Continental Insurance Company, Kansas City Fire and Marine Insurance Company, and Valley Forge Insurance Company (hereinafter together the CNA defendants), which were for summary judgment dismissing the second and third causes of action and all cross claims insofar as asserted against them were erroneously denied by the Supreme Court. The CNA defendants met their initial burden of establishing their entitlement to judgment as a matter of law by demonstrating, with legally sufficient evidence, that the plaintiff insured, Duratech Industries, Inc. (hereafter Duratech), failed to provide prompt notice of covered losses under the subject insurance policies as required, and, in any event, that the subject losses were not covered by the policies, or were specifically excluded from coverage (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Kay Bee Bldrs., Inc. v Merchant's Mut. Ins. Co.*, 10 AD3d 631 [2004]; *Garson Mgt. Co. v Travelers Indem. Co. of Ill.*, 300 AD2d 538 [2002]; *Paramount Ins. Co. v Rosedale Gardens*, 293 AD2d 235 [2002]; *Prudential Prop. & Cas. Ins. v Persaud*, 256 AD2d 502 [1998]; *Howard Stores Corp. v Foremost Ins. Co.*, 82 AD2d 398 [1981], *affd* 56 NY2d 991 [1982]). Contrary to the Supreme Court's determination, Duratech failed to raise a triable issue of fact (*see Commodore Intl. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 184 AD2d 19 [1992]; *Gongolewski v Travelers Ins. Co.*, 252 AD2d 569 [1998]).

The Supreme Court also erred in denying those branches of the motion of the defendant Peerless Insurance Company (hereafter Peerless) which were for summary judgment dismissing the fourth cause of action and all cross claims insofar as asserted against it. Peerless met its initial burden of establishing its entitlement to judgment as a matter of law by demonstrating, with legally sufficient evidence, that Duratech failed to prove covered losses under the subject policy within the policy

period (*see Alvarez v Prospect Hosp., supra; Kay Bee Bldrs., Inc. v Merchant's Mut. Ins. Co., supra; Garson Mgt. Co. v Travelers Indem. Co. of Ill., supra; Paramount Ins. Co. v Rosedale Gardens, supra; Prudential Prop. & Cas. Ins. v Persaud, supra; Howard Stores Corp. v Foremost Ins. Co., supra; Avery Dennison Corp. v Allendale Mut. Ins. Co.,* 310 F3d 1114 [2002]). In opposition, Duratech failed to raise a triable issue of fact (*see Gongolewski v Travelers Ins. Co., supra; Commodore Intl. v National Union Fire Ins. Co. of Pittsburgh, Pa., supra*).

The defendant Vollmer-Adair Agency, Inc. (hereafter Vollmer), was the insurance agent that sold the subject insurance policies to Duratech. The Supreme Court denied that branch of Vollmer's motion which was for summary judgment dismissing the sixth cause of action alleging breach of contract, upon finding the existence of a triable issue of fact as to whether Vollmer breached an agreement to continually monitor Duratech's risks and make insurance changes and whether it failed, among other things, to provide insurance adequate to protect its trade secrets that were the subject of the claimed losses. However, an insurance agent does not owe a common-law continuing duty to advise, guide, or direct its client in terms of proper insurance coverage, absent some kind of special relationship of trust and confidence (*see Murphy v Kuhn,* 90 NY2d 266 [1997]; *Lynch v McQueen,* 309 AD2d 790 [2003]). Furthermore, there is no proof of consideration to render the alleged agreement enforceable (*see Cohn v Levy,* 284 AD2d 293 [2001]). Accordingly, the sixth cause of action should have been dismissed.

It was error for the Supreme Court to grant leave to amend the eighth cause of action against Vollmer sounding in misrepresentation, to allow the plaintiff to replead it as a claim alleging fraudulent inducement to contract. Duratech "failed to sufficiently allege that [Vollmer], with scienter, misrepresented material fact in order to induce [its] reliance and that [it] reasonably relied on the representations to [its] detriment" (*Scott v Bell Atl. Corp.,* 282 AD2d 180, 185 [2001], *mod on other grounds sub nom. Goshen v Mutual Life Ins. Co. of N.Y.,* 98 NY2d 314 [2002]).

Duratech's claim that the Supreme Court improperly dismissed that branch of its fifth cause of action which was to recover consequential damages is without merit. The insurance policies at issue either specifically exclude claims seeking to recover consequential damages or do not specifically provide coverage for them (*see High Fashions Hair Cutters v Commercial Union Ins. Co.,* 145 AD2d 465 [1988]).

Duratech's remaining claims are either without merit or not

properly before this Court. Florio, J.P., Adams, S. Miller and Goldstein, JJ., concur.