■ GROVE HILL ASSOCIATES, Respondent, v COLONIAL INDEMNITY INSURANCE Co., Appellant. [806 NYS2d 691]—

In an action pursuant to Insurance Law § 3420 (a) (2) and (b) to recover the amount of an unsatisfied judgment against the defendant's insured, the defendant appeals from an order of the Supreme Court, Nassau County (Dunne, J.), dated October 4, 2004, which denied its motion for summary judgment dismissing the complaint and granted the plaintiff's cross motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, and the complaint is dismissed.

The plaintiff owns an apartment building and hired MSS Construction Corp. (hereinafter MSS) to replace the roof. The application of the replacement roof required the use of propane torches, and during the course of the work, a fire occurred which damaged the building. The plaintiff obtained a default judgment against MSS for those damages. It then commenced this action to recover the amount of the judgment from MSS's insurance carrier, the defendant Colonial Indemnity Insurance Co. (hereinafter Colonial).

In support of its motion for summary judgment dismissing the complaint, Colonial demonstrated a prima facie entitlement

to judgment as a matter of law by proffering evidence that it disclaimed coverage for the underlying occurrence based on a policy exclusion for "bodily injury, property damage and products/completed operations liability arising out of your work which involves the removal and/or replacement of roof materials" (*see Kay Bee Bldrs., Inc. v Merchant's Mut. Ins. Co.*, 10 AD3d 631, 632 [2004]). Indeed, Colonial asserted that the policy contained that exclusion because MSS represented to Colonial when applying for the policy that it provided only masonry and carpentry services. In opposition, the plaintiff failed to raise a triable issue of fact that the policy was ambiguous, or that the exclusion at issue was no more than a standard "work product" provision which precluded coverage for the ordinary business risk of faulty workmanship only (*see e.g. Basil Dev. Corp. v General Acc. Ins. Co.*, 89 NY2d 1057 [1997]; *Mount Vernon Fire Ins. Co. v Creative Hous.*, 88 NY2d 347, 351 [1996]). Thus, the complaint should have been dismissed. Ritter, J.P., Rivera, Spolzino and Covello, JJ., concur.