■ Douglas R. Ruge, as Administrator of the Estate of Mary K. Ruge, Deceased, Appellant, v Utica First Insurance Company et al., Respondents. [819 NYS2d 564]—

In an action for a judgment declaring that the defendant Utica First Insurance Company is obligated to defend and indemnify the defendant Heavens Heating and Cooling Corp. in an underlying personal injury action entitled *Ruge v Galarza,* commenced in the Supreme Court, Suffolk County, under index No. 18357/01, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Baisley, J.), dated July 7, 2005, which granted the motion of the defendant Utica First Insurance Company for summary judgment declaring that it is not obligated to defend and indemnify the defendant Heavens Heating and Cooling Corp. in the underlying personal injury action, denied his cross motion for summary judgment declaring that the defendant Utica First Insurance Company is so obligated, and declared that the defendant Utica First Insurance Company is not obligated to defend and indemnify the defendant Heavens Heating and Cooling Corp. in the underlying personal injury action.

Ordered that the order and judgment is affirmed, with costs.

On May 14, 2001, the plaintiff's decedent, Mary K. Ruge, while driving a school bus, was involved in an automobile accident with a van. The van was owned by Nestor Galarza, who used it in his heating and cooling business, the defendant Heavens Heating and Cooling Corp. (hereinafter HHACC). At the time of the accident, the van, which was driven by Galarza's brother, was carrying piping material in a roof rack affixed to the top of the van. When the vehicles collided, the pipes dislodged and pierced the window of the bus, striking Ruge in the head. Both drivers were killed as a result of injuries sustained in the accident.

The plaintiff sought coverage for the injuries sustained in the accident from HHACC's insurer, the defendant Utica First Insurance Company (hereinafter Utica), under a contractor's insurance policy Utica issued to HHACC. The policy contained an automobile exclusion which stated that the insurer was not obligated to "pay for bodily injury, property damage, personal injury or advertising injury that arises out of the ownership, operation, maintenance, use, occupancy, renting, loaning,

entrusting, supervision, loading or unloading of . . . an auto" (hereinafter the auto exclusion).

While an ambiguity in an exclusionary clause in an insurance policy must be construed most strongly against the insurer (*see Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.,* 60 NY2d 390, 398 [1983]; *Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co.,* 34 NY2d 356, 361 [1974]), an unambiguous policy provision must be accorded its plain and ordinary meaning (*see Sanabria v American Home Assur. Co.,* 68 NY2d 866, 868 [1986]; *United States Fid. & Guar. Co. v Annunziata,* 67 NY2d 229, 230 [1986]). We find no ambiguity as to the plain and ordinary meaning of the auto exclusion at bar. Thus, Utica established, prima facie, that the auto exclusion in the policy precluded coverage for the subject accident (*see Ruggerio v Aetna Life & Cas. Co.,* 107 AD2d 744, 744-745 [1985]; *Matter of Duncan Petroleum Transp. v Aetna Ins. Co.,* 96 AD2d 942, 942-943 [1983], *affd* 61 NY2d 665 [1983]).

In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). Contrary to the plaintiff's contention, the "loading or unloading" exception to the "transportation of property" exclusion in the products-completed operations hazard provision (hereinafter the products hazard coverage) of the policy does not provide coverage for this claim despite the auto exclusion (*see Rhinebeck Bicycle Shop v Sterling Ins. Co.,* 151 AD2d 122, 124-126 [1989]; *Zandri Constr. Co. v Firemen's Ins. Co. of Newark,* 81 AD2d 106, 109 [1981], *affd* 54 NY2d 999 [1981]; *Charter Oaks Fire Ins. Co. v Clayton,* 62 F3d 1414 [1995]; *Jakobson Shipyard, Inc. v Aetna Cas. & Sur. Co.,* 775 F Supp 606, 613 [1991], *affd* 961 F2d 387 [1992]). "Exclusions in policies of insurance must be read *seriatim,* not cumulatively, and if any one exclusion applies there can be no coverage since no one exclusion can be regarded as inconsistent with another" (*Zandri Constr. Co. v Firemen's Ins. Co. of Newark,* 81 AD2d 106, 109 [1981], *affd* 54 NY2d 999 [1981], *supra; see Kay Bee Bldrs., Inc. v Merchant's Mut. Ins. Co.,* 10 AD3d 631, 632 [2004]). Thus, the auto exclusion contained in the policy was not rendered ineffective by the "loading or unloading" exception to the "transportation of property" exclusion pertaining to products hazard coverage.

The plaintiff's remaining contentions are without merit. Crane, J.P., Mastro, Skelos and Dillon, JJ., concur.