■ RANGOLI, INC., et al., Plaintiffs, and G & S LAUNDRY PLUS, INC., Appellant, v TOWER INSURANCE COMPANY, Respondent. [894 NYS2d 919]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to provide coverage pursuant to an insurance policy for certain losses allegedly sustained by the plaintiff G & S Laundry Plus, Inc., the plaintiff G & S Laundry Plus, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered March 2, 2009, as granted that branch of the defendant's motion which was for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the defendant is not obligated to provide coverage to the plaintiff G & S Laundry Plus, Inc., for the claimed losses to its property.

The defendant met its initial burden of establishing its entitlement to judgment as a matter of law by demonstrating that the plaintiff failed to provide prompt notice of its claim for property damage under the insurance policy (*see Donovan v Empire Ins. Group*, 49 AD3d 589, 591 [2008]; *Duratech Indus., Inc. v Continental Ins. Co.*, 21 AD3d 342 [2005]; *Prudential Prop. & Cas. Ins. v Persaud*, 256 AD2d 502 [1998]), and, in any event, that the plaintiff G & S Laundry Plus, Inc. (hereinafter the appellant), failed to sustain its burden of proving that the loss occurred during the policy period (*see Catucci v Greenwich Ins.*

*Co.,* 37 AD3d 513, 515 [2007]; *Duratech Indus., Inc. v Continental Ins. Co.,* 21 AD3d at 344-345; *see generally Gongolewski v Travelers Ins. Co.,* 252 AD2d 569 [1998]). In opposition, the appellant failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court properly awarded summary judgment to the defendant.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the defendant is not obligated to provide coverage to the plaintiff G & S Laundry Plus, Inc., for claimed losses to its property (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

The appellant's remaining contentions are either improperly raised for the first time on appeal, or without merit. Rivera, J.P., Dickerson, Chambers and Hall, JJ., concur.