Gem-Quality Corp. v Colony Ins. Co. (2022 NY Slip Op 05994)

Gem-Quality Corp. v Colony Ins. Co.

2022 NY Slip Op 05994

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2019-12443
 (Index No. 523039/18)

[*1]Gem-Quality Corporation, appellant, 
v
Colony Insurance Company, et al., respondents, et al., defendant.

John A. Jasilli, New York, NY, for appellant.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Jonathan R. Harwood of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and for a judgment declaring that the defendants Colony Insurance Company, Colony Speciality Insurance Company, and Peleus Insurance Company are obligated to defend and indemnify the plaintiff and, as additional insureds, nonparties New York City Housing Authority and Jay Shapiro & Associates, Inc., in an underlying action entitled Stuto v New York City Housing Authority, commenced in the Supreme Court, New York County, under Index No. 158032/18, and a related third-party action, the plaintiff appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated August 20, 2019. The order granted the motion of the defendants Colony Insurance Company, Colony Speciality Insurance Company, and Peleus Insurance Company pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, (1) by deleting the provisions thereof granting those branches of the motion of the defendants Colony Insurance Company, Colony Speciality Insurance Company, and Peleus Insurance Company which were pursuant to CPLR 3211(a) to dismiss (a) so much of the first cause of action as sought a judgment declaring that those defendants are obligated to defend the plaintiff in the related third-party action, (b) so much of the second cause of action as sought a judgment declaring that those defendants are obligated to defend nonparty Jay Shapiro & Associates, Inc., as an additional insured in the related third-party action, (c) so much of the third cause of action as alleged that those defendants breached their duty to defend nonparty Jay Shapiro & Associates, Inc., as an additional insured in the related third-party action, (d) so much of the fourth cause of action as sought a judgment declaring that those defendants are obligated to indemnify the plaintiff in the related third-party action, and (e) so much of the fifth cause of action as sought a judgment declaring that those defendants are obligated to indemnify nonparty Jay Shapiro & Associates, Inc., as an additional insured in the related third-party action, and substituting therefor provisions denying those branches of the motion, and (2) by deleting the provisions thereof granting those branches of the motion of the defendants Colony Insurance Company, Colony Speciality Insurance Company, and Peleus Insurance Company which were pursuant to CPLR 3211(a) to dismiss (a) so much of first cause of action as sought a judgment declaring that those defendants are obligated to defend the plaintiff in the underlying action, (b) so much of the second cause of action as sought a judgment declaring that those defendants are [*2]obligated to defend nonparty New York City Housing Authority as an additional insured in the underlying action and the related third-party action, and nonparty Jay Shapiro & Associates, Inc., as an additional insured in the underlying action, (c) so much of the fourth cause of action as sought a judgment declaring that those defendants are obligated to indemnify the plaintiff in the underlying action, and (d) so much of the fifth cause of action as sought a judgment declaring that those defendants are obligated to indemnify nonparty New York City Housing Authority as an additional insured in the underlying action and the related third-party action, and nonparty Jay Shapiro & Associates, Inc., as an additional insured in the underlying action, and adding thereto a provision deeming those branches of the motion to be for declaratory judgments in those defendants' favor, and thereupon granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the defendants Colony Insurance Company, Colony Speciality Insurance Company, and Peleus Insurance Company are not obligated to defend and indemnify the plaintiff in the underlying action, nonparty New York City Housing Authority as an additional insured in the underlying action and the related third-party action, and nonparty Jay Shapiro & Associates, Inc., as an additional insured in the underlying action.
The plaintiff, a contractor, allegedly entered into a contract with the New York City Housing Authority (hereinafter NYCHA) to perform construction work at an NYCHA public housing development (hereinafter the project). NYCHA allegedly retained Jay Shapiro & Associates, Inc. (hereinafter JS & A), to act as construction manager for the project. In its contract with NYCHA, the plaintiff allegedly agreed to defend and indemnify NYCHA for all claims arising from work performed by the plaintiff at the project.
On March 27, 2018, Scott Stuto allegedly was injured while performing work at the project as an employee of the plaintiff. Stuto commenced a personal injury action against NYCHA (hereinafter the underlying action). NYCHA sent a demand to the plaintiff to defend and indemnify NYCHA in the underlying action. The plaintiff, who purchased a commercial general liability insurance policy from the defendant Peleus Insurance Company (hereinafter Peleus), effective January 25, 2018, to January 25, 2019 (hereinafter the subject policy), sought to obtain coverage from Peleus. Peleus denied coverage based upon an exclusion in an endorsement to the subject policy for "bodily injury" arising out of "[a]ll work, activities, or operations performed by the named insured's employee."
Thereafter, NYCHA commenced a related third-party action against the plaintiff and JS & A, asserting causes of action to recover damages for breach of contract and for contractual and common-law indemnification and contribution. JS & A sent the plaintiff a letter stating that, in the event JS & A incurred any costs or expenses by reason of the causes of action asserted by Stuto against NYCHA, JS & A would demand that the plaintiff defend and indemnify it.
The plaintiff commenced this action against Peleus, the defendant Colony Insurance Company, the defendant Colony Speciality Insurance Company (hereinafter collectively the insurer defendants), and another defendant, inter alia, to recover damages for breach of the subject policy and for a judgment declaring that the insurer defendants are obligated to defend and indemnify the plaintiff, as well as NYCHA and JS & A as additional insureds under the policy, in the underlying action and the related third-party action. The defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the amended complaint insofar as asserted against them. The Supreme Court granted the motion, and the plaintiff appeals.
"[U]pon a motion to dismiss for failure to state a cause of action, a court may reach the merits of a properly pleaded cause of action for a declaratory judgment where no questions of fact are presented [by the controversy]. Under such circumstances, the motion to dismiss the cause of action for failure to state a cause of action should be treated as one seeking a declaration in [the] defendant's favor and treated accordingly" (Neuman v City of New York, 186 AD3d 1523, 1525 [citations and internal quotation marks omitted]; see O'Donnell & Sons, Inc. v New York State Dept. of Taxation & Fin., 193 AD3d 1063, 1064-1065).
"The duty to indemnify on the part of an insurer requires a determination that the insured is liable for a loss that is covered by the policy" (American Mfrs. Mut. Ins. Co. v Quality King Distribs., Inc., 16 AD3d 607, 607; see Serrano v Republic Ins., 48 AD3d 665, 665). "[T]he duty to defend is broader than the duty to indemnify" (Fitzpatrick v American Honda Motor Co., 78 NY2d 61, 65; see American W. Home Ins. Co. v Gjonaj Realty & Mgt. Co., 192 AD3d 28, 34). "A duty to defend is triggered by the allegations contained in the underlying complaint" (BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d 708, 714; see One Reason Rd., LLC v Seneca Ins. Co., Inc., 163 AD3d 974; Cumberland Farms, Inc. v Tower Group, Inc., 137 AD3d 1068, 1070). An insurer's duty to defend its insured arises whenever the allegations in a complaint state a cause of action that gives rise to the reasonable possibility of recovery under the policy (see Fitzpatrick v American Honda Motor Co., 78 NY2d 61; One Reason Rd., LLC v Seneca Ins. Co., Inc., 163 AD3d 974; QBE Ins. Corp. v Adjo Contr. Corp., 121 AD3d 1064, 1079). "If the allegations of the complaint are even potentially within the language of the insurance policy, there is a duty to defend" (Town of Massena v Healthcare Underwriters Mut. Ins. Co., 98 NY2d 435, 443).
"In determining a dispute over insurance coverage, we first look to the language of the policy" (Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 221). "As with any contract, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning" (White v Continental Cas. Co., 9 NY3d 264, 267). The insurer has the burden of proving the applicability of an exclusion (see Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311). "Policy exclusions are to be strictly and narrowly construed and are not to be extended by interpretation or implication" (East Ramapo Cent. Sch. Dist. v New York Schs. Ins. Reciprocal, 150 AD3d 683, 686; see Pioneer Tower Owners Assn. v State Farm Fire & Cas. Co., 12 NY3d 302, 307). "To be relieved of its duty to defend on the basis of a policy exclusion, the insurer bears the heavy burden of demonstrating that the allegations of the complaint [in the underlying action] cast the pleadings wholly within that exclusion, that the exclusion is subject to no other reasonable interpretation, and that there is no possible factual or legal basis upon which the insurer may eventually be held obligated to indemnify the insured under any policy provision" (Frontier Insulation Contrs. v Merchants Mut. Ins. Co., 91 NY2d 169, 175). "'[I]f the language is doubtful or uncertain in its meaning, any ambiguity will be construed in favor of the insured and against the insurer'" (Vertex Restoration Corp. v Catlin Ins. Co., 156 AD3d 847, 848, quoting Lee v State Farm Fire & Cas. Co., 32 AD3d 902, 904). However, "'the plain meaning of a policy's language may not be disregarded to find an ambiguity where none exists'" (Edward Horton Bldrs., Inc. v Arch Specialty Ins. Co., 189 AD3d 998, 999, quoting Howard & Norman Baker, Ltd. v American Safety Cas. Ins. Co., 75 AD3d 533, 534).
Here, in support of their motion, the insurer defendants submitted, inter alia, an affirmation of counsel, the amended complaint in this action, the subject policy, the complaint in the underlying action, and the third-party complaint in the related third-party action. The subject policy, which qualifies as documentary evidence, provides coverage, among other things, for damages because of "bodily injury." The subject policy includes a contractual liability exclusion, which, as is relevant, excludes from coverage "bodily injury" for which "the insured" is obligated to pay damages by reason of the assumption of liability in a contract. The subject policy also includes an employer's liability exclusion, which, as is relevant, excludes coverage for "bodily injury" to an "'employee' of the insured arising out of and in the course of" employment by the insured. The amended complaint alleged that Stuto was allegedly injured "while performing work as an employee of [the plaintiff]." However, both the contractual liability exclusion and the employer's liability exclusion contain an exception for liability assumed by the insured under an "insured contract." Accepting as true the allegations in the amended complaint and according the plaintiff the benefit of every possible favorable inference, the amended complaint sufficiently alleged that the plaintiff's contract with NYCHA falls within the subject policy's definition of an "insured contract." Contrary to the insurer defendants' contention, they failed to demonstrate that the "DESIGNATED ONGOING OPERATIONS AND PRODUCTS-COMPLETED OPERATIONS HAZARD" exclusion, found in an endorsement to the subject policy, unambiguously excludes from coverage either liability assumed by the insured under an insured contract or an obligation of the insured to indemnify another because of bodily injury arising out of work performed by the named insured's employee. The endorsement only expressly and clearly excludes coverage for damages for bodily [*3]injury sought by way of a direct claim by the injured party against the insured.
Accordingly, the insurer defendants failed to establish that they do not have a duty to defend and indemnify the plaintiff in the related third-party action, and the Supreme Court erred in granting those branches of the insurer defendants' motion which were to dismiss so much of the first cause of action as sought a judgment declaring that they are obligated to defend the plaintiff in the related third-party action and so much of the fourth cause of action as sought a judgment declaring that they are obligated to indemnify the plaintiff in the related third-party action. For the same reasons, the insurer defendants failed to establish that they do not have a duty to defend and indemnify JS & A in the related third-party action as an alleged additional insured under the subject policy. Therefore, the court erred in granting those branches of the insurer defendants' motion which were to dismiss so much of the second cause of action as sought a judgment declaring that they are obligated to defend JS & A in the related third-party action and so much of the fifth cause of action as sought a judgment declaring that they are obligated to indemnify JS & A in the related third-party action.
However, Stuto did not assert any causes of action against the plaintiff or JS & A in the underlying action. Therefore, the insurer defendants established their entitlement to a declaration that they are not obligated to defend and indemnify the plaintiff and JS & A in the underlying action.
The insurer defendants satisfied their burden of demonstrating that NYCHA was not entitled to coverage as an additional insured under the subject policy. The plain meaning of the "DESIGNATED ONGOING OPERATIONS AND PRODUCTS-COMPLETED OPERATIONS HAZARD" exclusion in the endorsement to the subject policy is that there is no coverage under the subject policy for damages for bodily injury arising from work performed by the plaintiff's employee (see Bayport Constr. Corp. v BHS Ins. Agency, 117 AD3d 660, 661; Soho Plaza Corp. v Birnbaum, 108 AD3d 518, 521; Campoverde v Fabian Bldrs., LLC, 83 AD3d 986, 988). Stuto asserted causes of action against NYCHA in the underlying action for bodily injury arising from work that Stuto performed as the plaintiff's employee. The subject policy was not rendered ambiguous because of an apparent conflict between the employer's liability exclusion and the exclusion in the endorsement. "[P]olicy exclusions are to be read seriatim and, if any one exclusion applies, there is no coverage since no one exclusion can be regarded as inconsistent with another" (Sampson v Johnston, 272 AD2d 956, 956; see Catucci v Greenwich Ins. Co., 37 AD3d 513, 514; Ruge v Utica First Ins. Co., 32 AD3d 424, 426; Kay Bee Bldrs., Inc. v Merchant's Mut. Ins. Co., 10 AD3d 631, 632; Garson Mgt. Co. v Travelers Indem. Co. of Ill., 300 AD2d 538, 539). Thus, "the separate and distinct" employer's liability exclusion does not render the subject policy "ambiguous so as to require that it be construed in the insured's favor" (385 Third Ave. Assoc., L.P. v Metropolitan Metals Corp., 81 AD3d 475, 476; see Ruge v Utica First Ins. Co., 32 AD3d at 426; Kay Bee Bldrs., Inc. v Merchant's Mut. Ins. Co., 10 AD3d at 632; Garson Mgt. Co. v Travelers Indem. Co. of Ill., 300 AD2d at 539; Sampson v Johnston, 272 AD2d at 956; Hartford Acc. & Indem. Co. v Reale & Sons, 228 AD2d 935, 936). Accordingly, the insurer defendants established their entitlement to a declaration that they are not obligated to defend and indemnify NYCHA in the underlying action and the related third-party action.
Based upon the foregoing, the Supreme Court erred in granting that branch of the insurer defendants' motion which was to dismiss so much of the third cause of action as alleged that they breached their duty under the subject policy to defend JS & A in the related third-party action. However, the court properly granted that branch of the insurer defendants' motion which was to dismiss so much of the third cause of action as alleged that they breached their duty under the subject policy to defend NYCHA in the underlying action and the related third-party action, and their duty to defend JS & A in the underlying action.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the insurer defendants are not obligated to defend and indemnify the plaintiff and JS & A in the underlying action, and NYCHA in the underlying action and the related third-party action (see Lanza v Wagner, 11 NY2d 317, 344).
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court