Zupko Painting, Inc. v Utica First Ins. Co. (2024 NY Slip Op 05473)

Zupko Painting, Inc. v Utica First Ins. Co.

2024 NY Slip Op 05473

Decided on November 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-01358
 (Index No. 700116/22)

[*1]Zupko Painting, Inc., respondent, 
v
Utica First Insurance Company, appellant, et al., defendant.

Farber Brocks & Zane LLP, Garden City, NY (Audra S. Zane and Joseph K. Poe of counsel), for appellant.
David A. Adhami, Great Neck, NY (Bryant & Pipenger, LLP [Matt Bryant], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendant Utica First Insurance Company is obligated to defend the plaintiff in an underlying action entitled Jara v 606 West 57 (LIHTC), LLC, commenced in the Supreme Court, Queens County, under Index No. 704117/20, the defendant Utica First Insurance Company appeals from an order of the Supreme Court, Queens County (Lourdes M. Ventura, J.), entered November 29, 2022. The order, insofar as appealed from, denied those branches of the motion of the defendant Utica First Insurance Company which were pursuant to CPLR 3211(a) to dismiss so much of the second cause of action asserted against it as sought a judgment declaring that it is obligated to defend the plaintiff in the underlying action and so much of the third cause of action asserted against it as alleged that it acted in bad faith in denying coverage to the plaintiff.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Utica First Insurance Company which was pursuant to CPLR 3211(a) to dismiss so much of the third cause of action asserted against it as alleged that it acted in bad faith in denying coverage to the plaintiff, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff, Zupko Painting, Inc. (hereinafter Zupko), contracted with the defendant Utica First Insurance Company (hereinafter Utica First) for certain insurance related to Zupko's ongoing construction projects. The insurance policy provided that under certain circumstances, Utica First was obligated to defend Zupko. However, the policy contained an exclusion entitled "Exclusion of Injury to Employees, Contractors, and Employees of Contractors" (hereinafter the employee exclusion), which provided that the policy did not cover "bodily injury to any employee of any insured . . . if such claim for bodily injury arises out of and in the course of his/her employment . . . by or for any insured, for which any insured may become liable in any capacity."
On November 21, 2018, Rene Orlando Jara, an employee of Zupko, allegedly slipped and fell on a recently waxed floor of premises where Zupko was performing contracting work. Jara subsequently commenced a personal injury action entitled Jara v 606 West 57 (LIHTC), LLC in the Supreme Court, Queens County, under Index No. 704117/20 (hereinafter [*2]the underlying action), in which Zupko was later named as a defendant. Upon learning of the underlying action, Zupko requested that Utica First defend Zupko in the underlying action pursuant to the policy.
Utica First conducted an investigation to determine whether Zupko was entitled to coverage under the policy. As part of the investigation, Joseph Aguirre, a senior claims examiner for Utica First, spoke on the phone with Zupko's principal and owner, Zupko Zubovic. In an affidavit, Aguirre averred that during their conversation, Zubovic stated that Jara was a full-time employee of Zupko at the time of Jara's accident and that Jara was injured in the course of his employment. Zubovic later clarified in his own affidavit that he was out of the country on the day of Jara's accident and that when he spoke to Aguirre on the phone, he did not have any first-hand knowledge of the information he provided. Based upon its investigation, Utica First determined that Zupko was barred from coverage under the employee exclusion because Jara was injured in the course of his employment.
In January 2022, Zupko commenced this action against Utica First and another defendant. In the second cause of action asserted against Utica First, Zupko sought, inter alia, a judgment declaring that Utica First is obligated to defend Zupko in the underlying action. In the third cause of action asserted against Utica First, Zupko alleged, among other things, that Utica First acted in bad faith by declining Zupko coverage under the policy and sought punitive damages.
Subsequently, Utica First moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, among other things, for failure to state a cause of action. In an order entered November 29, 2022, the Supreme Court, inter alia, granted that branch of Utica First's motion which was pursuant to CPLR 3211(a) to dismiss so much of the third cause of action asserted against it as sought punitive damages and denied those branches of Utica First's motion which were pursuant to CPLR 3211(a) to dismiss so much of the second cause of action asserted against it as sought a judgment declaring that it is obligated to defend Zupko in the underlying action and so much of the third cause of action asserted against it as alleged that it acted in bad faith in denying coverage to Zupko. Utica First appeals.
"'[U]pon a motion to dismiss for failure to state a cause of action, a court may reach the merits of a properly pleaded cause of action for a declaratory judgment where no questions of fact are presented [by the controversy]. Under such circumstances, the motion . . . should be treated as one seeking a declaration in [the] defendant's favor and treated accordingly'" (Gem-Quality Corp. v Colony Ins. Co., 209 AD3d 986, 989, quoting Neuman v City of New York, 186 AD3d 1523, 1525).
"[A]n insurer's duty to defend its insured arises whenever the allegations in a complaint state a cause of action that gives rise to the reasonable possibility of recovery under the policy" (Fitzpatrick v American Honda Motor Co., 78 NY2d 61, 65; see One Reason Rd., LLC v Seneca Ins. Co., Inc., 163 AD3d 974, 975). "If the allegations of the complaint are even potentially within the language of the insurance policy, there is a duty to defend" (One Reason Rd., LLC v Seneca Ins. Co., Inc., 163 AD3d at 975 [internal quotation marks omitted]). In determining whether there is a reasonable possibility of recovery under the policy, parties are bound by the "four corners of the complaint" rule, under which "courts of this State have refused to permit insurers to look beyond the complaint's allegations to avoid their obligation to defend and have held that the duty to defend exists [i]f the complaint contains any facts or allegations which bring the claim even potentially within the protection purchased" (Fitzpatrick v American Honda Motor Co., 78 NY2d at 66 [internal quotation marks omitted]). As such, the duty to defend exists even where "facts outside the four corners of [the] pleadings indicate that the claim may be meritless or not covered" (Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137 [internal quotation marks omitted]; see One Reason Rd., LLC v Seneca Ins. Co., Inc., 163 AD3d at 975-976). However, a court "may look to judicial admissions in the insured's responsive pleadings in the underlying tort action or other formal submissions in the current or underlying litigation to confirm or clarify the nature of the underlying claims" (Northville Indus. Corp. v [*3]National Union Fire Ins. Co. of Pittsburgh, Pa., 89 NY2d 621, 635).
"To be relieved of its duty to defend on the basis of a policy exclusion, the insurer bears the heavy burden of demonstrating that the allegations of the complaint [in the underlying action] cast the pleadings wholly within that exclusion, that the exclusion is subject to no other reasonable interpretation, and that there is no possible factual or legal basis upon which the insurer may eventually be held obligated to indemnify the insured under any policy provision" (Frontier Insulation Contrs. v Merchants Mut. Ins. Co., 91 NY2d 169, 175; see Allstate Ins. Co. v Mugavero, 79 NY2d 153, 159; Gem-Quality Corp. v Colony Ins. Co., 209 AD3d at 990).
Here, Utica First failed to demonstrate that Zupko was barred from coverage under the employee exclusion of the policy. Utica First was limited to looking at the four corners of the complaint in the underlying action to establish that the employee exclusion applied here (see Fitzpatrick v American Honda Motor Co., 78 NY2d at 66). Accordingly, Utica First improperly relied on Zubovic's alleged admissions as attested to by Aguirre in arguing that there was no reasonable possibility that it owed Zupko a defense. Additionally, Jara's statement in his bill of particulars in the underlying action that he was employed by Zupko was insufficient to demonstrate that his accident occurred in the course of his employment. Thus, the Supreme Court properly denied that branch of Utica First's motion which was pursuant to CPLR 3211(a) to dismiss so much of the second cause of action asserted against it as sought a judgment declaring that it is obligated to defend Zupko in the underlying action.
However, the Supreme Court should have granted that branch of Utica First's motion which was pursuant to CPLR 3211(a) to dismiss so much of the third cause of action asserted against it as alleged that it acted in bad faith in denying coverage to Zupko. The evidentiary material submitted by Utica First conclusively established that it did not act in gross disregard of Zupko's interests (see Pavia v State Farm Mut. Auto. Ins. Co., 82 NY2d 445, 454), since it carried out an investigation and disclaimed coverage under the policy based on information then believed to be accurate (see Liang v Progressive Cas. Ins. Co., 172 AD3d 696, 699).
Utica First's remaining contentions are either based on matter dehors the record or not properly before this Court.
IANNACCI, J.P., MALTESE, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court